LEITMAN *v* STATE BAR GRIEVANCE BOARD

1. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD.

The confidentiality of State Bar grievance proceedings for the investigation of the alleged misconduct of an attorney is preserved until one of two conditions is met: (1) the respondent attorney himself chooses to have the charges publicly aired, either by requesting a hearing or by opting for public disclosure of an order or administrative dismissal; or, (2) a Hearing Panel is convened upon a finding of reasonable cause by the Grievance Administrator or in the discretion of the State Bar Grievance Board (State Bar Rules 15.8[a]–[c], 15.28[a]).

2. ATTORNEY AND CLIENT—HEARING PANEL—STATE BAR GRIEVANCE BOARD—COMPLAINT—COMPLAINANT.

The complaint, as defined in the Rules of the State Bar Grievance Board, is the formal charge prepared by counsel for a Hearing Panel and in that formal charge, the actual complainant is the State Bar Grievance Board (State Bar Rule 15.1[g]).

3. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—COMPLAINT.

A citizen complaining to the State Bar Grievance Administrator of the alleged misconduct of an attorney does not actually file a complaint; rather, he makes a request for investigation, which may or may not result in the filing of a complaint by the State Bar Grievance Board.

4. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—HEARING—DISMISSAL.

A petitioner before the State Bar Grievance Board, a complaining citizen, is not entitled as a matter of right to a

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 61.
[2] 7 Am Jur 2d, Attorneys at Law § 89.
[3, 4] 7 Am Jur 2d, Attorneys.at Law § 47.
[5–8] 7 Am Jur 2d, Attorneys at Law § 61.
[9, 10] 7 Am Jur 2d, Attorneys at Law § 43.

hearing on charges made against a member of the Bar; petitioner is entitled as a matter of right to have his charges investigated by the Grievance Administrator; he is entitled to have those charges brought to the attention of the Grievance Board before dismissal; the decision to convene a Hearing Panel rests with the Grievance Administrator and the Grievance Board (State Bar Rule 15.7).

5. Attorney and Client—Discipline—Supreme Court.

The discipline of the Bar is and shall remain a special responsibility of the Michigan Supreme Court.

6. Appeal and Error—Attorney and Client—State Bar Grievance Board.

An appeal of right to the Michigan Supreme Court from the State Bar Grievance Board after a public hearing before a Hearing Panel and a formal review by the Grievance Board lies in two instances: (1) from a final order of discipline made by the State Bar Grievance Board and filed with the Clerk of the Michigan Supreme Court and (2) from an order of dismissal of the State Bar Grievance Board after review and filed with the Clerk of that Court (State Bar Rules 15.1[h], 15.14–15.16, 15.23).

7. Attorney and Client—Appeal and Error—State Bar Rules— Supreme Court.

The State Bar Rules do not contemplate that an appeal as of right to the Michigan Supreme Court shall be the occasion for the first public disclosure of the charges made against a member of the Bar (State Bar Rules 15.1 *et seq.*).

8. Appeal and Error—Mandamus—Constitutional Law—Attorney and Client—State Bar Grievance Board—Discretion.

No appeal as of right will lie from administrative dismissals of requests for investigations against members of the Bar; an aggrieved petitioner, a complaining citizen, may file in the Michigan Supreme Court an application for an original writ of mandamus, pursuant to a section of the Michigan Constitution, founded upon a claim that the State Bar Grievance Board abused its discretion in dismissing the petitioner's request without a formal public hearing, and praying that the Board be compelled to take jurisdiction and convene a Hearing Panel; such an application will be addressed to the discretion of that Court, the petitioner will be the petitioner and the Board will be the respondent, it shall be suppressed by the Clerk of that Court and its entitle-

ment will in no case disclose the name of the attorney whose misconduct is alleged (Const 1963, art 6, § 4).

9. ATTORNEY AND CLIENT—MANDAMUS—STATE BAR GRIEVANCE BOARD —DISCRETION.

Application for a writ of mandamus, to compel the State Bar Grievance Board to take jurisdiction of a request for investigation of the alleged misconduct of an attorney and convene a Hearing Panel, should be denied by the Michigan Supreme Court where it shall appear that reasonable cause did not exist and no abuse of discretion is indicated by the Board dismissing the request without a formal public hearing; where it shall appear that reasonable cause did exist, and abuse of discretion is indicated, that Court should issue its writ and command the State Bar Grievance Board to convene a Hearing Panel for public hearing of the charges.

10. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—STATE BAR GRIEVANCE ADMINISTRATOR—INVESTIGATION—DISCRETION.

Matter should be remanded to the State Bar Grievance Board for further investigation pursuant to State Bar Rules where the Michigan Supreme Court is of the opinion that the investigation of the Grievance Administrator in the cause was insufficient to form the basis of an exercise of his or the Board's discretion to dismiss the charges against an attorney (State Bar Rules 15.6–15.7).

Appeal from State Bar Grievance Board. Submitted April 5, 1972. (No. 11 April Term 1972, Docket No. 53,599.) Decided June 20, 1972.

Appeal by Bruce T. Leitman from a determination by the State Bar Grievance Board, treated as application for writ of mandamus to compel defendant to take jurisdiction of a request for the investigation of the alleged misconduct of an attorney and convene a Hearing Panel. Remanded.

*Bruce T. Leitman, in propria persona.*

*Louis Rosenzweig,* for defendant.

T. E. BRENNAN, J.   A spate of appeals from proceedings had before the State Bar Grievance Board, prompts us to examine the appellate posture of this matter.

The State Bar Grievance Board was created by Order of this Court, amending Rule 15 of the State Bar Rules, adopted on December 5, 1969, effective March 1, 1970.   383 Mich xliv.

The establishment of the Board was a new concept in the area of professional discipline, both here in Michigan and throughout the nation.   For the first time, there was an agency, comprised of lawyers and public representatives, charged with the sole responsibility of administering and enforcing the standards of professional conduct, adopted by this Court for the discipline of the Bar.

The Board itself was the most visible and dramatic change from the previous intra-professional grievance machinery.   Equally as critical to the upgrading of professional discipline in Michigan were two other steps taken in conjunction with the creation of the Board.

One was the commitment of this Court and the Bar to an adequate level of financial support for the operation of the office and staff of the State Bar Grievance Administrator.   The Bar recommended and this Court adopted a substantial increase in Bar dues effective January 1, 1971.

The other important improvement was the adoption of specific procedural rules for the operation of the Grievance Board.   These rules recognized and implemented the shift from volunteer-administered self-discipline of the Bar to professionally administered independent discipline by the Grievance Board.

These rules contemplated that the Grievance Administrator and his paid staff would be responsi-

ble for the initial investigation and preliminary decision making with respect to complaints against members of the Bar.

To the Grievance Administrator was given the day to day authority to weed out the specious from the substantial complaints, under the protective cloak of confidentiality, assuring that no lawyer's professional reputation would be maligned by public airing of groundless charges.

The Rule provides in part:

"15.6 REQUEST FOR INVESTIGATION; INVESTIGATION; ANSWER BY RESPONDENT TO REQUEST FOR INVESTIGATION

"The administrator shall furnish forms for a request for investigation to each person who alleges misconduct against an attorney. Forms for a request for investigation shall also be made available to the public through each office of the State Bar and through the office of every county clerk.

"Each request for investigation of any misconduct alleged to have been committed by an attorney shall:

"(a) Be in writing and signed by the complainant;

"(b) Contain a statement of the details of each act of alleged misconduct and the approximate time and place thereof; and

"(c) Be filed with the administrator.

"After making such preliminary investigation that he may deem appropriate, the administrator shall serve a copy upon the respondent attorney, who may thereafter make a full and fair disclosure in writing of all facts and circumstances pertaining to his alleged misconduct. Any knowing concealment or misrepresentation in such disclosure shall itself be ground for discipline. Failure to answer within 20 days after service of the request for investigation or such further time as may be extended by the administrator shall be grounds for entry of the respondent's default, to the same effect as de-

fault in civil cases.  The administrator shall make such further investigation of the facts alleged in the request and answer that he may deem appropriate before taking any action.

"15.7 REQUEST FOR INVESTIGATION; DISMISSAL BY ADMINISTRATOR; ASSIGNMENT FOR INVESTIGATION; REPORT AND FINDINGS

"If it appears from the request for investigation, answer and further investigation that there is no reasonable cause to believe the respondent is guilty of misconduct, the administrator may dismiss the request with prior approval of the board.  Requests not dismissed may be assigned to one or more investigators assigned by the administrator to conduct investigations and informal hearings thereon and to report findings of fact to the administrator.

\*   \*   \*

"15.28. OPEN HEARINGS; CONFIDENTIAL FILES AND RECORDS

"(a) Investigations by an investigator or the administrator shall not be public.  At the option of the respondent the final order of an administrative dismissal of a request for investigation may be made public.

"(b) All hearings before a hearing panel and the board shall be open to the public.

"(c) All reports, findings, recommendations, discipline, reprimands, transcripts and orders resulting from such hearings shall be open to the public.

"(d) Other files and records of the board, of the administrator, of counsel for the administrator, of the hearing panel and the members thereof, and of the staff of each shall not be examined by or disclosed to anyone other than the administrator, members of hearing panels or the board, authorized employees, Supreme Court Justices or other persons who are expressly authorized by the board or a Supreme Court Justice."

The Rule also provides that hearings before a Hearing Panel shall be public. Such hearings are to be held only in three instances:

"15.8 REQUEST FOR INVESTIGATION; ASSIGNMENT TO HEARING PANEL

"Hearing before a hearing panel shall be ordered by the administrator:

"(a) If he finds reasonable cause to believe the respondent guilty of misconduct; or

"(b) If requested by the respondent; or

"(c) If ordered by the board in its discretion."

Thus it can be seen that confidentiality of the proceedings is preserved until one of two conditions is met. Either the respondent attorney *himself* chooses to have the charges publicly aired, either by requesting a hearing under 15.8(b) or by opting for public disclosure of an order or administrative dismissal under 15.28(a); or, a hearing panel is convened upon a finding of reasonable cause by the Grievance Administrator under 15.8(a), or in the discretion of the Board under 15.8(c).

In the latter instance—the convening of a panel by the Administrator or the Board—there must be a preliminary determination, while the investigation is still in the confidential stage, that "reasonable cause to believe the respondent guilty of misconduct" exists.

This is true whether the hearing panel is convened by the Administrator or the Board. As to the Administrator, the rule is explicit, 15.8(a). As to the Board, the existence of reasonable cause is implicit in the exercise of discretion under Rule 15.8(c).

The position of the person who requests a grievance investigation against an attorney is not clearly defined in the Rules. Such person is sometimes

referred to as the "Complainant". See Rule 15.6(a) and Rule 15.9.

The use of such designation is somewhat confusing. The complaint is defined in Rule 15.1(g). It is the formal charge prepared by counsel for a hearing panel. In that formal charge, the actual complainant is the State Bar Grievance Board.

The complaining citizen does not actually file a complaint. Rather, he makes a request for investigation, which may or may not result in the filing of a complaint by the Grievance Board. It would be preferable to call the requesting party by some other title, the better to define his proper role in the proceedings. For the purpose of this opinion, we will refer to him as the petitioner. See Rule 15.27(b).

Using this nomenclature, we are able to cast the first issue in this fashion:

Is a petitioner before the State Bar Grievance Board entitled as a matter of right to a hearing on charges made against a member of the Bar?

The answer is no. The petitioner is entitled as a matter of right to have his charges investigated by the Grievance Administrator. He is entitled to have those charges brought to the attention of the Grievance Board before dismissal. Rule 15.7. But nowhere is it provided that the petitioner may require a hearing panel to be convened.

That decision rests with the Administrator and the Board.

This brings us to the second, and more complex issue:

Is the decision of the Grievance Administrator and the Board *not to convene* a hearing panel subject to appellate review?

If so,

(a) By whom?

(b) In what manner?

(c) By what standard?

The present matter, and several others now pending, highlight the confusion which exists upon this stated issue.

It was brought here as an appeal of right under Rule 15.23. That Rule provides a unique instance of appeal of right to this Court. It was deliberately inserted in the Rules to give substance to the expressed intention of this Court that the discipline of the Bar is and shall remain a special responsibility of the Supreme Court. It was a recognition that whatever the delegation of the mechanics of professional discipline, this Court is ultimately answerable to the people of Michigan for the conduct of the attorneys who practice in our one Court of Justice.

But this unique appeal as of right was not intended as an open door to permit every disgruntled petitioner to circumvent the confidentiality of grievance investigations, and besmirch the pages of our reports with unproven charges against members of the Bar.

Rule 15.23 provides:

"APPEAL TO SUPREME COURT.

"Any party aggrieved by a final order of discipline or a dismissal by the board on review shall have a right to appeal such final order to the Supreme Court."

The appeal of right under 15.23 lies in two instances:

First, from a *final order of discipline.* A final order of discipline is an order made by the Board, and filed with the Clerk of this Court under Rule 15.16. In such case, there will have already been a

public hearing before a Hearing Panel, and a formal review by the State Bar Grievance Board.

Second, from a *dismissal of the Board on review.* A dismissal of the Board on Review is a dismissal entered under Rule 15.15, after review as provided in Rule 15.14. These Rules specify the means of reviewing an order of a Hearing Panel. Rule 15.1 (h) clearly defines the word Review as:

"(h) Review: Examination by the board of final orders of a hearing panel, on petition by an aggrieved party."

In such case, the order of dismissal will likewise have been filed with the Clerk of this Court under Rule 15.16. Like a final order of discipline, a dismissal of the Board on review is necessarily based upon a prior public hearing before a Hearing Panel.

From this it can be seen that in no case do the Rules contemplate that an appeal as of right to this Court shall be the occasion for the first public disclosure of charges made against a member of the Bar. This is as it should be. Absent a hearing, absent even a finding of reasonable cause by the Administrator or the Board, there is absolutely no basis for this Court to permit, much less participate in a public—ultimately published at state expense— airing of charges of attorney misconduct.

What then of the stated second issue? Is there no avenue of review open to an aggrieved petitioner, who may well feel that the Grievance Board and its Administrator have abused the discretion entrusted to them?

Of course such an avenue must be opened if this Court is to redeem its pledge to the people of Michigan to assume final responsibility for the discipline of the Bar.

While no appeal as of right will lie from these so-called administrative dismissals, there is no rea-

son why an aggrieved petitioner may not file in this Court an application for an original writ of mandamus, pursuant to Const 1963, art 6, § 4, founded upon a claim that the Grievance Board abused its discretion in dismissing the petitioner's request without a formal public hearing, and praying that the Board be compelled to take jurisdiction and convene a hearing panel.

Such an application will of necessity address itself to the discretion of this Court. In it, the petitioner will be the petitioner, and the State Bar Grievance Board will be the respondent.

Such applications will in every case be suppressed by the Clerk of this Court, and their entitlement will in no case disclose the name of the attorney whose misconduct is alleged.

Responding to such application, the State Bar Grievance Board shall file a detailed answer, setting forth in full the investigatory steps taken and the reports of investigators or findings of fact upon informal hearings had pursuant to Rule 15.7.

In cases where it shall appear that reasonable cause did not exist, and no abuse of discretion is indicated, this Court will deny the application for the writ. Where it shall appear that reasonable cause did exist, and abuse of discretion is indicated, this Court will issue its writ and command the State Bar Grievance Board to convene a Hearing Panel for public hearing of the charges.

There may, of course, remain a middle ground, where the application for the writ and the answer filed disclose that no sufficient investigation has been made by the Grievance Administrator and his staff.

In such case the Court will not be persuaded that reasonable cause to believe the charged attorney guilty of misconduct exists; but at the same time a premature dismissal is found to have occurred.

Upon such conclusion, the Court will set aside the dismissal, and remand for further confidential investigation.

In accordance with this opinion, an order shall enter in this cause to accomplish the following:

1. All pleadings, briefs and other filings in this cause are forthwith to be suppressed by the Clerk of the Court.

2. The Title of this Cause is to be amended to read:

BRUCE T. LEITMAN,
Plaintiff

v

STATE BAR GRIEVANCE BOARD,
Defendant.

3. The Clerk of the Court and the Court Reporter are directed to correct all prior docket entries in this cause.

4. This appeal will be regarded as an original petition for writ of mandamus, and so regarded, it will be granted in part as follows:

The Court, being of the opinion that the investigation of the Grievance Administrator in this cause is insufficient to form the basis of an exercise of his or the Board's discretion to dismiss the charges in the instant cause, this matter is remanded to the State Bar Grievance Board for further investigation pursuant to Rules 15.6 and 15.7.

No costs.

T. M. Kavanagh, C. J., and Black, Adams, T. G. Kavanagh, Swainson, and Williams, JJ., concurred with T. E. Brennan, J.