STATE BAR GRIEVANCE ADMINISTRATOR v LEWIS

1. ATTORNEY AND CLIENT—ATTORNEY'S CONDUCT—CONVICTION OF
CRIME—STATE BAR RULES—DISCIPLINARY PROCEDURES—STATE
BAR GRIEVANCE BOARD—STATE BAR GRIEVANCE ADMINISTRATOR.

State Bar Rule 16 creates a dual set of disciplinary procedures;
the first set may be termed the "normal" procedure and this
procedure allows a party to complain to the Grievance Board or
to the State Bar Grievance Administrator concerning the con-
duct of a member of the Bar; the second set of procedures
centers around 16.17 which outlines a "special" sort of discipli-
nary approach to be taken by the Board in the case of an
attorney convicted of a serious crime (State Bar Rule 16).

2. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—HEARING
PANEL—STATE BAR RULES.

The members of the hearing panels appointed by the State Bar
Grievance Board must be attorneys, but apparently should not
be members of the Board (State Bar Rule 16.3).

3. APPEAL AND ERROR—ATTORNEY AND CLIENT—STATE BAR GRIEV-
ANCE BOARD—STATE BAR RULES.

Appeal to the Michigan Supreme Court is available under State
Bar Rule 16.23 to any party aggrieved by a final order of
discipline or dismissal by the State Bar Grievance Board on
review (State Bar Rule 16.23).

4. ATTORNEY AND CLIENT—DISCIPLINE OF ATTORNEY—CONVICTION OF
CRIME—HEARING—STATE BAR GRIEVANCE BOARD—DISCRETION
—STATE BAR RULES.

A full hearing is a necessary part of disciplinary action against
an attorney under State Bar Rule 16.17; the convicted attorney
must be given an opportunity to explain in detail those mitigat-
ing factors and circumstances which might cause the Board not
to exercise its discretionary power to act under this section;

REFERENCES FOR POINTS IN HEADNOTES
[1, 7–10] 7 Am Jur 2d, Attorneys at Law § 50 *et seq.*
Constitutionality of statute providing for disbarment of attorney
convicted of crime, 32 ALR 1069.
[2–6] 7 Am Jur 2d, Attorneys at Law §§ 17, 64.

without such a hearing and individualized judgment, the discretion of the Board in this context has no basis upon which to stand (State Bar Rule 16.17).

5. ATTORNEY AND CLIENT—STATE BAR RULES—HEARING PANEL—APPEAL AND ERROR—STATE BAR GRIEVANCE ADMINISTRATOR—STATE BAR GRIEVANCE BOARD.

The individual hearing under State Bar Rule 16.17 must, as in a "normal" proceeding, be held before a hearing panel in accordance with the procedures as set forth in State Bar Rules 16.8, 16.10, 16.11 and 16.13; such a hearing may be initiated by the State Bar Grievance Administrator or by any concerned person and after the record is made before the hearing panel and its decision is rendered, review may be had before the State Bar Grievance Board (State Bar Rules 16.6–16.8, 16.10, 16.11, 16.13–16.15, 16.17).

6. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—ORDER TO SHOW CAUSE—HEARING—HEARING PANEL—STATE BAR RULES.

State Bar Rules 16.14 and 16.15, which describe the procedures on order to show cause, contemplate State Bar Grievance Board action only after a hearing held before a hearing panel (State Bar Rules 16.14, 16.15, 16.17).

7. ATTORNEY AND CLIENT—DISCIPLINE OF ATTORNEY—CONVICTION OF CRIME—STATE BAR RULES.

Disciplinary action instituted against an attorney convicted of a crime within State Bar Rule 16.17 may not be summarily imposed (State Bar Rule 16.17).

8. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE ADMINISTRATOR—STATE BAR RULES—ATTORNEY'S MISCONDUCT—CONVICTION OF CRIME—BURDEN OF PROOF.

The function of State Bar Rule 16.17 is to relieve the State Bar Grievance Administrator of the burden of establishing actionable misconduct under Rule 15, § 2(5), against an attorney convicted of a serious crime; Rule 16.17 allows the Administrator to satisfy the burden of proof, a "preponderance of the evidence," by placing before the hearing panel proper evidence of a "final" conviction (State Bar Rules 15, § 2(5), 16.13, 16.17).

9. ATTORNEY AND CLIENT—STATE BAR RULES—CRIMINAL LAW—NOLO CONTENDERE—ADMISSION OF MISCONDUCT—CONVICTION OF CRIME.

Michigan Supreme Court, in the light of the purpose of the State Bar Rules, to protect the public, the courts and the legal profession, adopts the majority position which differentiates

between allowing the collateral use of the plea of nolo contendere as an admission of misconduct and allowing the collateral use of the fact of conviction and finds the conviction imposed after the plea of nolo contendere as conclusive as a conviction entered after a plea of guilty or entered after a trial and a plea of not guilty (State Bar Rule 16.33[d]).

10. ATTORNEY AND CLIENT—STATE BAR RULES—STATE BAR GRIEVANCE ADMINISTRATOR—CONVICTION OF CRIME—PROOFS.

State Bar Rule 16.17 permits the State Bar Grievance Administrator to take expedited action against an attorney convicted of a serious crime and it does not require independent proof of misconduct; the fact of conviction alone establishes the Administrator's case (State Bar Rule 16.17).

Appeal from State Bar Grievance Board. Submitted June 7, 1973. (No. 1 June Term 1973, Docket No. 54,202.) Decided July 24, 1973.

Disciplinary proceedings against Alphonse Lewis, Jr. suspending respondent from practicing law from June 9, 1972 to February 29, 1973. Respondent appeals. Order for discipline vacated and disciplinary proceedings dismissed without prejudice.

*Eugene N. LaBelle,* for the State Bar Grievance Administrator.

*Stuart J. Dunnings, Jr.,* and *Alphonse Lewis, Jr., in propria persona,* for respondent.

SWAINSON, J. Appellant Alphonse Lewis, Jr., a member of the State Bar of Michigan, was indicted by a Federal grand jury for two separate violations of 68A Stat 851, 852 (1954), 26 USC 7203.[1] On February 29, 1972, Judge Noel P. Fox accepted appellant's plea of nolo contendere to Count II of the indictment (failure to file an income tax return

[1] IRC 7203, Willful Failure to File Return, Supply Information or Pay Tax.

for the year 1965) and set sentence at imprisonment for a term of 1 year; and on condition that appellant spend 2 weeks in the Ingham County Jail, the remainder of the sentence was suspended and appellant placed on probation for 11 months and 2 weeks. No appeal was taken from this conviction and sentence.

On March 20, 1972, the State Bar Grievance Board issued an order to show cause why appellant should not be suspended from the practice of law in accordance with 15.17(16.17) of the State Bar Rules. A hearing was held before the Board pursuant to its order to show cause on May 19, 1972. Thereafter, the Board found appellant's conviction to be a proper ground for disciplinary action under 16.17 and ordered his suspension from practice until February 29, 1973.

Appellant then filed a claim of appeal with request for stay of suspension before our Court which we granted on July 19, 1972. Appellant challenges here the procedures used by the State Bar Grievance Board in ordering his suspension from practice and additionally raises the issue of whether a conviction entered after a plea of nolo contendere fell within the ambit of 16.17 at the time the instant disciplinary proceedings were commenced.

In addressing the issues raised by appellant, we find that a thorough review of the scope and procedures of Rule 16 of the State Bar Rules is necessary to provide guidance for the Board and members of the State Bar. While we will continue to consider on its merits every case brought before our Bench, it is our hope that this opinion will clarify the procedures to be followed under Rule 16 and will eliminate the uncertainties under which all parties now operate, resulting in the

burden of seemly automatic appeal to this Court for clarification.

## I.

This Court adopted Rule 15 (renumbered Rule 16 effective January 12, 1972) of the State Bar Rules on December 15, 1969 to become effective March 1, 1970. The purpose of the rule is expressed in its Preamble:

"There is hereby created within the State Bar of Michigan the State Bar Grievance Board, which shall be and which shall constitute the arm of the Supreme Court for the discharge of its exclusive constitutional responsibility to supervise and discipline the members the State Bar of Michigan."

In *Leitman v State Bar Grievance Board,* 387 Mich 596 (1972), Justice T. E. BRENNAN examined Rule 15(16)[2] and elaborated upon its significance:

"The establishment of the Board was a new concept in the area of professional discipline, both here in Michigan and throughout the nation. For the first time, there was an agency, comprised of lawyers and public representatives, charged with the sole responsibility of administering and enforcing the standards of professional conduct, adopted by this Court for the discipline of the Bar.

"The Board itself was the most visible and dramatic change from the previous intra-professional grievance machinery. * * *

"The other important improvement was the adoption of specific procedural rules for the operation of the Grievance Board. These rules recognized and implemented the shift from volunteer-administered self-discipline of the Bar to professionally administered indepen-

---

[2] The procedures for the implementation of Rule 15(16) became effective on May 11, 1970.

dent discipline by the Grievance Board." 387 Mich 596, 599.

Read as a whole, Rule 16 creates a dual set of disciplinary procedures. The first set may be termed, the "normal" procedure, discussed at length in *Leitman.* This procedure allows a party to complain to the Grievance Board or to the State Bar Grievance Administrator concerning the conduct of a member of the Bar. Rule 16 sets forth in detail the steps to be followed by the Board in responding to such complaints. The second set of procedures centers around 16.17 which outlines a "special" sort of disciplinary approach to be taken by the Board in the case of an attorney convicted of a serious crime.

## A. "NORMAL" PROCEDURE

In the normal disciplinary case a party will complain to the State Bar Grievance Administrator and make a charge against an attorney. The administrator treats the charge as a request for investigation and proceeds under 16.6.[3] The

---

[3] "16.6. REQUEST FOR INVESTIGATION; INVESTIGATION; ANSWER BY RESPONDENT TO REQUEST FOR INVESTIGATION.

"The Administrator shall furnish forms for a request for investigation to each person who alleges misconduct against an attorney. Forms for a request for investigation shall also be made available to the public through each office of the State Bar and through the office of every county clerk.

"Each request for investigation of any misconduct alleged to have been committed by an attorney shall:

"(a) Be in writing and signed by the complainant;

"(b) Contain a statement of the details of each act of alleged misconduct and the approximate time and place thereof; and

"(c) Be filed with the Administrator.

"After making such preliminary investigation that he may deem appropriate, the Administrator shall either notify the complainant the allegations of the Request for Investigation are inadequate, incomplete, or insufficient to warrant the further attention of the Board, or he shall serve a copy upon the respondent attorney, who shall

charged attorney is provided an opportunity to respond to the charges; and thereafter, a decision is made by the Administrator as to whether to proceed further. "If it appears from the request for investigation, answer and further investigation that there is no reasonable cause to believe the respondent is guilty of misconduct, the Administrator may dismiss the request with the prior approval of the Board." 16.7. If reasonable cause is found to be present, a hearing before a hearing panel is ordered pursuant to 16.8.[4]

Once the matter is assigned to a hearing panel, a member of the Administrator's staff drafts a formal complaint. 16.5(b)(1);[5] 16.10. The respondent is allowed time to file his answer and a hearing is held in accordance with 16.10 and 16.11.

After the conclusion of the hearing, the hearing panel takes the appropriate action under 16.13. "If the hearing panel finds that the charges of misconduct are not established by a preponderance of the evidence, it shall enter an order of dismissal of the complaint. If the hearing panel finds that the charges of misconduct are established as true by a

thereafter make a full and fair disclosure of all the facts and circumstances pertaining to his alleged misconduct unless his refusal to do so is predicated upon expressed constitutional or professional grounds, or defenses permitted by the General Court Rules. Misrepresentation in such disclosure shall itself be grounds for discipline. Failure to answer within 20 days after service of the Request for Investigation or such further time as may be granted by the administrator shall be grounds for entry of the respondent's default, to the same effect as default in civil cases. The administrator shall make such further investigation of the facts alleged in the request and answer that he may deem appropriate before taking any action."

Effective March 1, 1970. Amended and effective July 12, 1971; Sept. 1, 1972.

[4] The composition, power and duties of the hearing panel is stated in 16.3. The members of the hearing panels must be attorneys, but apparently should not be members of the Board.

[5] Rule 16.5.2(a), Michigan Court Rules 1973, West Publishing Co, p 859.

preponderance of the evidence, the hearing panel shall enter an order for discipline." 16.13.

If any party to the hearing (the Administrator, complainant or respondent) so desires, he may petition the Board for a review of the order of the hearing panel. "The Board shall then issue an order to show cause * * * why the order of the hearing panel should not be confirmed." 16.14.

A hearing on the order to show cause will then be held before at least three° members of the Board. 16.15. After this hearing, "The final determination shall be made by the board, upon consideration of the *whole record,* which shall include a transcript of the presentation made to the subboard, and its recommended action in the matter." (Emphasis added.) *Id.* The final Board action will either confirm, amend, reverse, or nullify the order of the hearing panel, or remand for additional fact-finding. 16.15; 16.22.

Appeal to the Supreme Court is available under 16.23 to any party aggrieved by a final order of discipline or dismissal by the Board on review. *Leitman v State Bar Grievance Board, supra.*

## B. "SPECIAL" PROCEDURE

The most visible of the "special" disciplinary sections[6] and the focus of the present appeal is 16.17. As amended in September, 1972, it reads:

"16.17 SUSPENSION; CONVICTION OF A CRIME.

"Any attorney convicted of a felony, or convicted of a crime punishable by imprisonment for a term of one year or more, or convicted of a crime involving moral turpitude or sentenced after a plea of *nolo contendere* in connection with any of the foregoing, may, upon such conviction or sentence, be suspended by the Board and

---

[6] Rules 16.12 and 16.18 allow special disciplinary procedures when the attorney will not appear before the hearing panel.

he shall thereupon cease to practice law. The Board shall file and serve such order the same as set forth for other orders of discipline.

"Upon a pardon the Board may, and upon a reversal of the conviction the Board shall, enter its order to vacate the suspension. Thereupon, the name of the person shall be returned to the roster of attorneys and counselors at law of this State. The Board shall file and serve such order the same as set forth for orders of discipline."

There are no committee notes available on the intent of the draftsmen of this section and the respective parties have presented us with disparate interpretations of its purpose. The State Bar Grievance Board urges that we follow its administrative interpretation of this section which allows summary suspension of attorneys convicted of serious crimes. In reply, respondent argues that 16.17 does not allow the Board to dispense with the hearing procedures that are required in the "normal" disciplinary case. Respondent reads the section as strictly evidentiary, relating to the manner of proof of alleged misconduct within Rule 15, § 2(5). (Formerly Rule 14, § 2[5].) For the reasons stated below, without categorizing 16.17 as purely evidentiary, we find that a full hearing is a necessary part of disciplinary action under that rule.

Rule 16.17 raises significant questions with respect to the mechanics of implementation. Unlike the "normal" procedure previously outlined, 16.17 does not explicitly state the necessary steps which the Board must follow in imposing suspension. This explicit omission does not mean that the Board may act in a summary manner. The convicted attorney must be given an opportunity to explain in detail those mitigating factors and circumstances which might cause the Board not to exercise its discretionary power to act under this

section. Without such a hearing and individualized judgment, the discretion of the Board in this context has no substantial basis upon which to stand. *Cf. In re Kapcia,* 389 Mich 306, 314 (1973).

Under the existing rules there is no place to look for guidance as to an appropriate procedure other than the "normal" procedure heretofore discussed. We conclude therefore that the individual hearing under 16.17 must, as in a "normal" proceeding, be held before a hearing panel in accordance with the procedures as set forth in 16.8, 16.10, 16.11 and 16.13. Such a hearing may be initiated by the Administrator or by any concerned person. 16.4(8); 16.6; 16.7. After the record is made before the hearing panel and its decision is rendered, review may be had before the Board. 16.14; 16.15. To adopt the Board's administrative interpretation of 16.17 allowing the *initial* hearings to be held before the Board on the order to show cause would create an artificial set of procedures unauthorized under the State Bar Rules. Rules 16.14 and 16.15, which describe the procedures on order to show cause, contemplate Board action only after a hearing held before a hearing panel. Likewise, 16.8, 16.13 and 16.22 appear to make the Board a review body only, restricting fact-finding to the hearing panel.

In holding that disciplinary action instituted against an attorney convicted of a crime within 16.17 may not be summarily imposed, we do not find 16.17 without an important expediting function with respect to protection of the public, courts, and the legal profession. 16.33(d). The function of 16.17 is to relieve the Administrator of the burden of establishing actionable misconduct under Rule 15, § 2(5), against an attorney convicted of a serious crime. Rule 16.17 allows the Adminis-

trator to satisfy the burden of proof, a "preponderance of the evidence", required under 16.13 by placing before the hearing panel proper evidence of a "final" conviction. When such a conviction is properly placed in evidence, the hearing panel will consider it, along with all other relevant evidence offered by the parties to the hearing, in reaching its decision. If it finds discipline warranted, it shall enter its order accordingly relying on the proof of conviction, undiminished by convincing rebuttal evidence with respect to mitigation, as a sufficient basis for action. If, however, it finds that disciplinary action should not be taken based upon respondent's showing in mitigation, it may so enter its order.

After the hearing panel has served its order, any party may follow the "normal" appeals procedure. The Board may issue a stay of discipline under 16.13. Any proper party may seek review under 16.14 and the Board shall issue the required order to show cause before the State Bar Grievance Board as required by 16.15. After this latter hearing, and upon consideration of the whole record, the Board will either confirm, amend, reverse, or nullify the order of the hearing panel, or remand for additional fact-finding. 16.15; 16.22. Appeal to the Supreme Court is explicitly made available after use of these "special" procedures. 16.23.

## II.

At the time that these disciplinary proceedings were commenced with respect to appellant Lewis, 16.17 did not specifically refer to convictions entered after a plea of nolo contendere.[7] Appellant

---

[7] 15.17 (16.17) SUSPENSION; CONVICTION OF A CRIME

"Any attorney who shall be convicted of a felony, or convicted of a crime punishable by imprisonment for a term of one year or more, or

contends, therefore, that 16.17 prior to its amendment of September 1, 1972 did not encompass such convictions.

The issue of whether a conviction entered after a plea of nolo contendere may be used as a basis for a statutory disqualification has been resolved a sufficient number of times for a majority and minority position to emerge. The majority position, which allows the use of a conviction entered after the nolo contendere plea, is well summarized in ABA Project on Minimum Standards for Criminal Justice, *Pleas of Guilty,* (Approved Draft 1968), pp 14–15:

"A *nolo contendere* plea may be received under federal procedure, FED. R. CRIM. P. 11, and the law of about half of the states. Note, 33 NEB. L. REV. 428 n. 5 (1954). Although some minor variations are to be found from jurisdiction to jurisdiction, in most states the *nolo* plea has the following significance: (1) Unlike the plea of guilty, a plea of *nolo contendere* may not be put into evidence in a subsequent civil action as proof of the fact that the defendant committed the offense to which he entered the plea. (2) When a *nolo* plea has been accepted, the defendant may be given the same sentence as if he had pleaded guilty. (3) Judgment or sentence following entry of a *nolo* plea is a conviction, and may be admitted as such in other proceedings *(e.g.,* to apply multiple offender law, to deny or revoke license because of conviction, to claim double jeopardy in subsequent prosecution). Annot., 152 A.L.R. 253 (1944); Lenvin & Meyers, *Nolo Contendere; Its Nature and Implications,* 51 YALE L. J. 1255 (1942); Note, 33 NEB. L. REV. 428 (1954)."

See also, 89 ALR2d 545, 604–609.

---

convicted of a crime involving moral turpitude, may, upon such conviction be suspended by the board and he shall thereupon cease to practice law. The board shall file and serve such order the same as set forth for other orders of discipline. * * * "

Effective March 1, 1970.

The majority position differentiates between allowing the collateral use of the plea as an admission of misconduct and allowing the collateral use of the fact of conviction. This position preserves the benefits of the plea of nolo contendere to a defendant who fears subsequent civil liabilities based upon an admission of guilt to a criminal charge. At the same time, however, the majority looks to the conviction and sentence imposed by the court after the plea and finds the conviction as conclusive as a conviction entered after a plea of guilty or entered after a trial and a plea of not guilty. *United States v Norris,* 281 US 619, 622–623; 50 S Ct 424; 74 L Ed 1076 (1930); *Neibling v Terry,* 352 Mo 396; 177 SW2d 502; 152 ALR 249 (1944); *Nebraska ex rel Nebraska State Bar Association v Mathew,* 169 Neb 194; 98 NW2d 865 (1959); *Matter of Bosch,* 175 NW2d 11 (ND, 1970).

In contrast, the minority position reasons that a plea of nolo contendere and any conviction entered on the plea has no effect beyond the instant criminal proceedings. "If the plea itself could not be used in any collateral matter, it follows that anything growing out of that plea * * * could not be used as a conviction if the plea itself is deprived of that classification." *Bruce v Leo,* 129 Colo 129, 135; 267 P2d 1014, 1017 (1954). To use a conviction collaterally would be tantamount in the minority view to an admission of guilt, precisely that result which the plea of nolo contendere is intended to avoid. *Kirby v Alcoholic Beverage Control Appeals Board,* 3 Cal App 3d 209, 220; 83 Cal Rptr 89, 95 (1969). See also, *In re Corcoran,* 215 Or 660, 662; 337 P2d 307, 308 (1959); *In re Hallinan,* 43 Cal 2d 243; 272 P2d 768; *aff'd* 48 Cal 2d 52; 307 P2d 1 (1957).

In light of the purpose of the State Bar Rules, to protect the public, the courts and the legal profes-

sion, 16.33(d), we adopt the majority position on this issue. Rule 16.17 permits the State Bar Grievance Administrator to take expedited action against an attorney convicted of a serious crime. It does not require independent proof of misconduct; the fact of conviction alone establishes the Administrator's case. We find no compelling reason to differentiate between a conviction entered after a plea of nolo contendere and a conviction entered after any other plea.

The order for discipline of the State Bar Grievance Board is hereby vacated and the disciplinary proceeding against appellant dismissed without prejudice to the institution of new proceedings in conformity with this opinion.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with SWAINSON, J.