STATE BAR GRIEVANCE ADMINISTRATOR v MOES

*In re* MOES

1. ATTORNEY AND CLIENT—DUTY OF PUNCTUALITY—CANONS OF ETHICS —STATE BAR RULES.

A lawyer's persistent refusal to address himself to the proper handling of his clients' affairs in the face of repeated importunings of the clients and opposing counsel brings the whole profession into disrepute, transcends mere negligence, and violates the letter and spirit of the canons and rules providing that it is the duty of the lawyer to be punctual in attendance and to be concise and direct in the trial and disposition of causes (State Bar Rule 16; Canon of Ethics 21).

2. ATTORNEY AND CLIENT—DISBARMENT—CONSTITUTIONAL LAW—DUE PROCESS.

State Bar rule may not be read to permit disbarment of an attorney for asserting his Fifth Amendment rights; however, a respondent attorney does not assert a Fifth Amendment right by simply failing to appear before a State Bar grievance committee (US Const, Am V; State Bar Rule 16).

3. ATTORNEY AND CLIENT—GRIEVANCE PROCEEDINGS—CONSTITUTIONAL LAW—SELF-INCRIMINATION.

Requiring a respondent attorney to appear or respond in bar grievance proceedings does not violate his right against self-incrimination; the choice of whether to appear and to offer proofs lies with the one charged, but the obligation to meet charges never entails an obligation of self-incrimination (US Const, Am V).

4. ATTORNEY AND CLIENT—SUSPENSION—GRIEVANCE PROCEEDINGS— ANSWER.

If suspension of an attorney could not result from a decision not

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 47.
[2] 7 Am Jur 2d, Attorneys at Law § 20.
[3] 7 Am Jur 2d, Attorneys at Law § 68.
[4] 7 Am Jur 2d, Attorneys at Law §§ 25–58.
[5, 6] 7 Am Jur 2d, Attorneys at Law § 47.

to answer substantive charges, professional misconduct could never be censured, because an attorney could ignore charges brought against him, knowing that no action could be taken, and thus frustrate the whole grievance procedure.

5. JUDGES—DISCIPLINE OF JUDGE—STATE BAR GRIEVANCE BOARD—ATTORNEY AND CLIENT—JUDICIAL TENURE COMMISSION.

Imposition of discipline by the State Bar Grievance Board against a lawyer who is a judge is not itself a ground for the imposition of discipline against the lawyer-judge on the recommendation of the Judicial Tenure Commission; however, discipline may be imposed by the Tenure Commission on the basis of the conduct which gave rise to the grievance proceedings.

6. JUDGES—DISCIPLINE OF JUDGE—CONSTITUTIONAL LAW—GRIEVANCE PROCEEDINGS—JUDICIAL TENURE COMMISSION—ATTORNEY AND CLIENT.

Although conduct which gives rise to State Bar grievance proceedings is unrelated to judicial duties, it may be "conduct that is clearly prejudicial to the administration of justice" within the meaning of a section of an article of the Michigan Constitution establishing the Judicial Tenure Commission; this constitutional provision, read with its purpose in mind, includes conduct by a lawyer who later becomes a judge, so that under proper circumstances, a recommendation by the commission might warrant discipline based on such conduct (Const 1963, art 6, § 30).

Appeal from State Bar Grievance Board. Submitted September 6, 1971. (No. 5 September Term 1972, Docket No. 53,880.) Decided March 27, 1973.

Disciplinary proceedings against Harvey W. Moes. Order entered suspending respondent from practicing law for one year. Respondent appeals. Affirmed.

*Louis Rosenzweig,* for the State Bar Grievance Administrator.

*Domke, Marcoux, Allen & Beaman* (by *Jerome A. Susskind),* for respondent on appeal.

Review by the Supreme Court of a recommenda-
tion of an order of removal by the Judicial Tenure
Commission. Submitted September 6, 1972. (No. 6
September Term 1972, Docket No. 53,959.) Decided
March 27, 1973.

The Judicial Tenure Commission recommended
an order of removal against Probate Judge Harvey
W. Moes. On consideration by the Supreme Court,
complaint dismissed without prejudice.

*Bruce D. White,* for the Judicial Tenure Com-
mission.

*Domke, Marcoux, Allen & Beaman* (by *Jerome
A. Susskind),* for respondent on appeal.

T. G. KAVANAGH, J. Both of these cases arise
from the same facts. In January, 1970, Harvey W.
Moes, a licensed attorney, entered an appearance
on behalf of Vernon J. and Mattie A. Cook in an
action brought against them in the circuit court of
Hillsdale County. No answer was filed by Mr.
Moes on behalf of his clients, and indeed, nothing
was done. Subsequently a default judgment was
entered against the Cooks. Although Mr. Moes
repeatedly assured the Cooks that he would get
the default set aside, he never did anything about
it. Finally, the Cooks were forced to obtain other
counsel.

A request for investigation was filed by the
Cooks with the State Bar Grievance Committee. A
copy of this request was served on Mr. Moes by
mail. No answer having been received from Mr.
Moes, a default for failure to answer the request
for investigation was filed on January 14, 1971.

A formal complaint was entered, and on Septem-
ber 15, 1971, after a hearing at which he did not

appear, Mr. Moes was suspended from the practice of law for one year for violating Canon 21 and Rule 15 of the State Bar Rules. The appeal board sustained the suspension.

Respondent raised several issues on appeal. Initially, he argues that his conduct does not constitute a violation of Rule 15, asserting that mere negligence is not grounds for suspension.

Rule 15 was amended, prior to respondent's actions with respect to the Cooks, to include the Canons of Ethics which are promulgated from time to time as rules of conduct.

Canon 21 provides:

"Punctuality and Expedition.
It is the duty of the lawyer not only to his client, but also to the Courts and to the public to be punctual in attendance, and to be concise and direct in the trial and disposition of causes."

This canon imposes a standard of diligence and attention on a lawyer. Respondent's persistent refusal to address himself to the proper handling of his clients' affairs especially in face of the repeated importunings of the clients and opposing counsel, transcends mere negligence. It violates the letter and spirit of the canons and rules and is conduct which brings our whole profession into disrepute.

Respondent poses as another question on appeal:

"Did the State Bar Grievance Board violate Respondent's rights to procedural due process by failing to advise him properly on appeal to that Board he would be called upon to defend his failure to appear before Panel #3?"

He maintains the board did, but we are not persuaded.

In his argument, respondent maintains that under *Spevack v Klein,* 385 US 511; 87 S Ct 625; 17 L Ed 2d 574 (1967), Rule 16[1] may not be read to permit disbarment for asserting his Fifth Amendment rights. We agree with that principle but find no application here.

Respondent never asserted any Fifth Amendment right. He simply failed to appear.

Finally, respondent argues that because bar grievance proceedings are *quasi*-criminal in nature, requiring him to appear or respond violates his right against self-incrimination. He cites our decision in *State Bar of Michigan v Woll,* 387 Mich 154 (1972) in support of his claim that Rule 15 may not legitimately compel cooperation in an investigation or hearing. *Woll* does not support him. As Mr. Justice SWAINSON pointed out in *Woll* (p 161):

"Mr. Woll, however, is not objecting to the provisions of Rule 15. Rather, he is objecting to the comments that were made before the Hearing Panel and the Grievance Board by counsel for the State Bar."

Respondent misconceives the office of the Fifth Amendment's privilege. The choice of whether to appear and to offer proofs lies with the one charged, but the obligation to meet charges never entails an obligation of self incrimination. Any other rule would render the Bar Grievance Board impotent. If suspension could not result from a decision not to answer substantive charges, profes-

[1] Although respondent refers to Rules 14 and 15 with respect to his obligation to answer the charges brought against him, such reference is inaccurate. Rules 14 and 15 were consolidated into new Rule 16 effective March 1, 1970. Since no formal complaint had issued by March 1, 1970, the procedure in this instance was governed by Rule 16. With respect to this case, the substantive provisions are generally the same, but reference will be made to Rule 16, rather than Rules 14 and 15.

sional misconduct could never be censured. An attorney could ignore charges brought against him, knowing that no action could be taken, and thus frustrate the whole grievance procedure.

We find no merit in respondent's other contentions as to weight of evidence and assertion of vagueness, and therefore affirm respondent's suspension from the practice of law for one year.

As to the second matter before us, subsequent to respondent's involvement with the Cooks, but prior to his suspension from the practice of law, respondent was elected probate judge in Hillsdale County. As a result of respondent's suspension from the practice of law, the Judicial Tenure Commission recommends respondent's removal from office citing Const 1963, art 6, § 19 and MCLA 168.431; MSA 6.1431. This is the same reasoning the Tenure Commission followed in *In re Kapcia* released today.

In *Kapcia* we today hold that the imposition of discipline by the State Bar Grievance Board against a lawyer who is a judge is not itself a ground for the imposition of discipline against the lawyer-judge on the recommendation of the Tenure Commission; that discipline may be imposed by the Tenure Commission however on the basis of the conduct which gave rise to the grievance proceedings.

In *Kapcia* we also declare that although the conduct which gives rise to State Bar grievance proceedings is unrelated to judicial duties, it may be "conduct that is clearly prejudicial to the administration of justice" within the meaning of Const 1963, art 6, § 30 establishing the Judicial Tenure Commission.

The conduct which was the basis of the State Bar grievance proceedings against Judge Moes

occurred before he became a judge. Lawyers as well as judges are officers of the court; their conduct as well as that of judges can be clearly prejudicial to the administration of justice. We are persuaded that this constitutional provision, read with its purpose in mind, includes conduct by a lawyer who later becomes a judge, so that under proper circumstances, a recommendation by the commission might warrant discipline based on such conduct.

As in *Kapcia* the Tenure Commission proceeded in this case against Judge Moes erroneously on the assumption that the decision of the Grievance Board concluded the matter. It would be premature on the incomplete record made before the Tenure Commission to reach the meritorious question whether the conduct charged by the grievance authority against Judge Moes was clearly prejudicial to the administration of justice.

Accordingly we decline to enter the recommended order of suspension; we dismiss the complaint without prejudice to the filing of a further complaint and proceedings consonant with this opinion.

T. M. KAVANAGH, C. J., and T. E. BRENNAN and SWAINSON, JJ., concurred with T. G. KAVANAGH, J.

WILLIAMS, J., concurred in the result.

LEVIN and M. S. COLEMAN, JJ., did not sit in this case.