In the Matter of the Application for the Disbarment of the Honorable Jack F. C. GILLARD, an Attorney at Law of the State of Minnesota.

No. 47309.

Supreme Court of Minnesota.

Sept. 16, 1977.

R. Walter Bachman, Jr., Administrative Director on Professional Responsibility, St. Paul, for petitioner.

Sachs, Latz & Kirshbaum and Robert Latz, Minneapolis, for Minn. Board on Judicial Standards.

Thomson, Nordby & Peterson, St. Paul, for Gillard.

## PER CURIAM.

In response to allegations of professional misconduct by respondent, District Judge Jack F. C. Gillard, all of which concerned conduct by respondent while a practicing attorney prior to his becoming a district judge, the Lawyers Professional Responsibility Board (LPRB) commenced disciplinary proceedings on July 7, 1976, pursuant to the Rules on Lawyers Professional Responsibility governing members of the Minnesota Bar.[1] On October 27, 1976, this court denied respondent's petition for a writ of prohibition against the LPRB proceedings because he had "failed to sustain his burden of demonstrating lack of jurisdiction on the part of [the LPRB]."

The LPRB filed a petition in this court on November 8, 1976, recommending the disbarment of respondent, and, thereafter, on December 14, 1976, we appointed retired District Judge Rolf Fosseen as referee to

hold a hearing and "make and report his findings of fact * * * and make such recommendations as he shall deem advisable" to this court. Following extensive hearings the referee filed findings of fact, conclusions of law and a recommendation for disbarment.

■ The most serious charge resulted in a finding that Judge Gillard implied to prospective clients that a $15,000.00 fee for payment to undesignated persons was necessary to improperly influence the granting of an insurance license by a public agency. In addition, the referee found, among other things, that Judge Gillard participated in a scheme by which an insurance broker induced customers to purchase insurance by offering them free legal services to be performed by Judge Gillard. The remaining charges which the referee found to be misconduct consisted of a pattern of dilatory handling of clients' affairs to their prejudice; falsely executing and notarizing affidavits; and deceiving clients as to the status of their professional retainers. We hold that these findings and conclusions are amply supported by the evidence.

Because of the rather unique circumstances involved, we requested that the Minnesota Board on Judicial Standards file a brief with this court and participate in the oral argument which was made before the court on August 25, 1977.

■ The Board on Judicial Standards has taken the position at oral argument that if Judge Gillard is disbarred he should be removed from judicial office without further proceedings before that board. However, because in our opinion he has not been accorded adequate notice or opportunity to be heard on the question of his fitness to retain judicial office, we have concluded that a referral of the complaints against respondent be made to the Board on Judicial Standards for its consideration and recommendations pursuant to its authority as contained in Minn.St. 490.15 et seq.

---

1. On January 1, 1977, new Rules on Lawyers Professional Responsibility went into effect.

Neither party has contended that relevant provisions have undergone material change.

We do not at this time act on the referee's recommendation for disbarment, but our failure to do so until after the matter has been considered by the Board on Judicial Standards is not to be construed as a rejection of the referee's recommendation.

The Board on Judicial Standards shall consider, among other relevant matters, the evidence relating to allegations of respondent's professional conduct[2] which occurred prior to his appointment to the district court as it bears on his fitness to hold judicial office pursuant to the standards set forth in Minn.Const. art. 6, § 9, and Minn.St. 490.16, subd. 3.[3] The Board on Judicial Standards shall afford respondent all rights to which he is entitled under the statutes or the Rules of the Board on Judicial Standards and shall make whatever findings and recommendation to this court it deems appropriate.

In making its findings and recommendation, it is suggested that the Board on Judicial Standards consider the transcript and exhibits of the proceedings before Judge Fosseen, and such additional evidence as may be introduced either as a result of stipulation of the parties or upon the board's own order. Judge Fosseen's findings of fact will not, however, be subject to collateral attack. The director of LPRB shall cooperate and assist counsel for the Board on Judicial Standards upon request.

Upon receipt of the findings and recommendations of the Board on Judicial Standards, we shall review its recommendation and the recommendation of the LPRB and shall direct such further action as we may find just and proper under the circumstances.

This matter is stayed in this court and the Board on Judicial Standards is requested to act as outlined herein.

TODD, Justice (concurring specially.)

I concur in the result.

---

2. In finding that the Board on Judicial Standards has authority to scrutinize allegations of misconduct which occurred prior to elevation to judicial office, we adopt a position consistent with the broad language of Minn.St. 490.16, subd. 3, and consistent with the better-reasoned opinions of other jurisdictions construing similar statutes. *In re Ryman*, 394 Mich. 637, 232 N.W.2d 178 (1975); *Sarisohn v. Appellate Div. of Supreme Court*, 21 N.Y.2d 36, 286 N.Y. S.2d 255, 233 N.E.2d 276 (1967); 53 A.L.R.3d 882, § 18(a). See, also, A.B.A. Proposed Standards Relating to Judicial Discipline and Disability (Preliminary Draft, 1977) § 3.1.

3. Minn.Const. art. 6, § 9 provides in part: "The legislature may also provide for the retirement, removal or other discipline of any judge who is disabled, incompetent or guilty of conduct prejudicial to the administration of justice."

Minn.St. 490.16, subd. 3 provides: "On recommendation of the board on judicial standards, the supreme court may retire a judge for disability that seriously interferes with the performance of his duties and is or is likely to become permanent, and censure or remove a judge for action or inaction occurring not more than four years prior to such action being reported to the board on judicial standards that may constitute persistent failure to perform his duties, habitual intemperance or conduct prejudicial to the administration of justice that brings the judicial office into disrepute."