STATE BAR GRIEVANCE ADMINISTRATOR v ALBERT

1. ATTORNEY AND CLIENT—DISBARMENT—CENSURE—SUSPENSION.
   A lawyer's inattention to duty to client, even if unaccompanied by moral delinquency and not grounds for disbarment, may call for censure and suspension.

2. ATTORNEY AND CLIENT—WITHDRAWAL FROM EMPLOYMENT—PREJUDICE TO CLIENT—RETAINER FEES—DISCIPLINARY RULES—CANONS OF PROFESSIONAL ETHICS.
   Provisions of a disciplinary rule of the Code of Professional Responsibility and Canons which prohibit a lawyer from withdrawing from employment until he has taken reasonable steps to avoid prejudicing the rights of his client and has refunded such part of a retainer as has not been earned, reiterates a principle of long standing expressed in a canon in the former Canons of Professional Ethics (DR 2-110; Canon 44).

3. ATTORNEY AND CLIENT—RIGHT TO TRAVEL.
   Members of the State Bar do not surrender the right to travel and they may practice on circuit, but they ought to be accessible and responsive to communications from their clients; they must organize their affairs so that they fulfill the professional obligations they undertake.

4. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE ADMINISTRATOR—EVIDENCE—WITNESSES—SUBPOENA.
   Under the State Bar Grievance Board Procedural and Administrative Rules, it is the obligation of counsel for the State Bar Grievance Administrator to present "all available evidence" relating to complaints but this rule does not oblige counsel for the Grievance Administrator to subpoena and produce the

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 7 Am Jur 2d, Attorneys at Law §§ 4, 5, 32–37, 93.
[2] 7 Am Jur 2d, Attorneys at Law §§ 143–146, 221.
[3] 7 Am Jur 2d, Attorneys at Law § 91 et seq.
[4] 7 Am Jur 2d, Attorneys at Law §§ 65–68.
[5, 7] 7 Am Jur 2d, Attorneys at Law §§ 15, 16, 64.
[8] 7 Am Jur 2d, Attorneys at Law §§ 20, 53.

other lawyer with whom respondent formerly shared offices (State Bar Rule 16.5.2[b]).

5. ATTORNEY AND CLIENT—HEARINGS—PLACE OF HEARINGS—MISCON-
DUCT—WITNESSES.

The chairman of a State Bar hearing panel properly directed that the hearings be held in Wayne County even though respondent then maintained both his office and his residence in Ironwood because respondent had maintained an office in Wayne County during the period of the charged acts of misconduct and it was in Wayne County that each of the complainants, except one, had initially retained him; it is perfectly understandable that the hearings would be held in Wayne County where the witnesses were most readily available (State Bar Rule 16.10).

6. ATTORNEY AND CLIENT—PUNISHMENT—MISCONDUCT—NEGLECT OF
DUTY.

A State Bar hearing panel or the State Bar Grievance Board need not allocate the punishment of an attorney among the several charged and proven acts of misconduct where all the charges concern neglect of duty.

7. ATTORNEY AND CLIENT—DISCIPLINARY PROCEEDINGS—HEARINGS—
TESTIMONY.

Rules concerning the State Bar of Michigan require that all procedures shall be as expeditious as possible; the members of a hearing panel, and counsel for the parties, cannot be expected to keep testimony in mind for a long period of time, such as eight months, and every effort should be made to hear all the testimony within a reasonably short period of time (State Bar Rule 16.33[b]).

8. ATTORNEY AND CLIENT—APPEAL AND ERROR—GRIEVANCE PROCE-
DURE—DECLARATION OF RIGHTS—SUPERINTENDING CONTROL—
DISMISSAL AND NONSUIT.

There is no need in deciding an appeal from a State Bar Griev-ance Board to review the grievance procedure generally pursu-ant to a complaint by the respondent for declaration of rights and liability or for superintending control where specific claims of error concerning the conduct of the grievance proceedings against respondent have been considered and that complaint is dismissed.

Appeal from State Bar Grievance Board. Sub-mitted March 7, 1973. (No. 8 March Term 1973, Docket No. 54,221). Decided November 20, 1973. Rehearing denied February 21, 1974.

Disciplinary proceedings against Theodore G. Albert. Order entered suspending respondent from practicing law for one year. Respondent appealed. Remanded to State Bar Grievance Board. See 389 Mich 153. Order entered suspending respondent from practicing law for one year. Respondent appeals. Affirmed.

*Louis Rosenzweig,* for the State Bar Grievance Administrator.

*Theodore G. Albert, in propria persona,* and *William J. McBrearty,* for respondent.

PER CURIAM. Theodore G. Albert appeals a decision of the State Bar Grievance Board suspending him from the practice of law for one year and assessing costs.

The five complainants charged, in substance, that Albert accepted retainers and agreed to perform services for them, but did not render the agreed services. Wayne County Hearing Panel No. 3 found and the Grievance Board affirmed its findings that the charges were proven by a preponderance of the evidence.

Albert's appeal was submitted to us on March 7, 1973. On March 22, 1973 we entered an order remanding the cause to the Grievance Board:

"Upon examining the briefs and the record and after hearing counsel for the parties, the Court is left with the impression that there may have been a failure to provide respondent with an adequate opportunity to defend the charges against him. Accordingly, so as to avoid any actual or apparent deprivation of respondent's right to be heard, we remand this case to the Grievance Board with the request that it cause a hear-

ing panel to conduct a further hearing at which respondent, any witnesses he wishes to subpoena, and any rebuttal witnesses which the administrator wishes to call may all be heard * * * ." *State Bar Grievance Administrator v Albert,* 389 Mich 153, 154; 206 NW2d 729 (1973).

After hearing additional testimony and argument of counsel, the hearing panel again found against Albert and the Grievance Board again affirmed. The cause is now before us to review the record, findings and order suspending Albert and assessing costs. We affirm.

I

Dorothy N. Taormina testified that she gave Albert a $100 retainer. When she did not hear from Albert she attempted to communicate with him. She left telephone messages at the hotel where Albert was living. Her husband, who was at the hotel, asked Albert to call her on several occasions but Albert did not. Finally she confronted Albert at the hotel and he assured her he would proceed with the matter.

Albert acknowledged that he agreed to represent Mrs. Taormina and received $100 from her. He said he investigated the matter, spoke with the attorney on the other side and, after spending 12–13 hours, concluded that her claim was without merit.

Albert denied that he made himself unavailable but did not refute Mrs. Taormina's claim that she heard nothing further from him and that as far as she knew he had done nothing in her behalf.

The hearing panel found that Albert did not perform the services for which he was retained.

## II

William Bernstein testified that he paid Albert a sum of money to prosecute an action in the United States District Court. A summary judgment was granted dismissing the action. Bernstein said Albert agreed to perfect an appeal.

Albert contended that his failure timely to prosecute an appeal was caused by Bernstein's ambivalence regarding the desirability of appealing.

The hearing panel found no support for Albert's contention that Bernstein was indecisive or ambivalent about prosecuting an appeal and concluded that Bernstein's appellate rights were lost as a result of Albert's inaction.

## III

John S. Tinder retained Albert to defend him in an action commenced in the Common Pleas Court of the City of Detroit and paid Albert $50. The docket records show that three default judgments were entered against Tinder, due first to a failure to answer and then twice to a failure to appear for trial.

Albert acknowledged receipt of a $50 retainer from Tinder. Albert asserted that on each occasion of required appearances he had made arrangements for the appearance of another lawyer with whom he shared offices. The other lawyer, although available and subject to subpoena, did not appear at the grievance hearings and was not subpoenaed by Albert.

The hearing panel found that Albert's excuses for what occurred were inadequate.

## IV

Helen M. McPhilimy testified that she retained

Albert to prosecute a negligence action and gave
him $250 as costs for taking depositions. She then
heard no more from Albert although she at-
tempted to telephone his office in Detroit repeat-
edly and went to his office on several occasions
only to find it locked. She sent him two registered
letters. Albert telephoned her and promised to
return the $250.

Albert admitted receiving the $250, promising to
return the money and failing to do so. He testified
that the matter was originally the responsibility of
the other lawyer with whom he shared offices. This
lawyer, again, did not appear at the grievance
hearings and was not subpoenaed by Albert.

The hearing panel found that Albert was in fact
the person to whom the complainant paid the
money and to whom she properly was looking for
representation.

V

Susie W. Reynolds testified that Albert accepted
a $20 retainer and a file of legal documents which
represented work by other lawyers in an action
she had commenced in Wayne Circuit Court. She
testified that she expected Albert to act as her
attorney in the matter. Despite repeated efforts to
reach him he did not return her telephone calls or
advise her of the status of the matter. Approxi-
mately three months after Albert accepted the
money, Mrs. Reynolds' complaint was dismissed
for lack of progress, Albert having taken no action
in the interim.

Albert denied that her case was on the active
docket. He testified that he received the file only
for the limited purpose of reviewing it. He said
that it was Mrs. Reynolds' responsibility to locate

a non-resident defendant which was required before he could take more definitive action in her behalf. He submitted that her telephone calls concerned her inability to locate this defendant.

The hearing panel found Albert's testimony "incapable of belief", and that Mrs. Reynolds' charges had been proven.

## VI

The hearing panel summarized: "All of the complainants charge that he did not do the work which he agreed to do, and all of them complain that he became unreachable." The panel concluded that Albert had violated the following disciplinary rules:

"DR 6-101. FAILING TO ACT COMPETENTLY.

"(A) A lawyer shall not * * *

"(3) Neglect a legal matter entrusted to him.

"DR 2-110. WITHDRAWAL FROM EMPLOYMENT.

"(A) In general.

"(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.

"(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

"(3) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned."

Albert's alleged acts of misconduct preceded the adoption and effectiveness of the present Code of

Professional Responsibility and Canons. However, it has long been established that a lawyer's "inattention to duty to client," even if unaccompanied by moral delinquency and not grounds for disbarment, may call for censure and suspension. See *Attorney General v Lane,* 259 Mich 283, 288; 243 NW 6 (1932). Similarly, *State Bar of Michigan v Daggs,* 384 Mich 729, 732; 187 NW2d 227 (1971); *State Bar Grievance Administrator v Moes,* 389 Mich 258, 261; 205 NW2d 458 (1973). *Cf. Carras v Bungalow Sandwich Shoppe Co,* 257 Mich 467, 469; 241 NW 230 (1932).[1] The provisions of DR 2-110, which prohibit a lawyer from withdrawing until he has taken reasonable steps to avoid prejudicing the rights of his client and has refunded such part of a retainer as has not been earned, reiterates a principle of long standing expressed in former Canon 44.

Albert asserts that he is being punished for "carpetbagging" and being "a suitcase lawyer". While the hearing panel did refer to him as "an itinerant lawyer who practices law out of a suitcase from motel and hotel rooms and not from a permanent office", this must be read in connection with the very next sentences finding that he was "practically incommunicado to his clients" and once "retained it is virtually impossible to reach him". We do not find in the report of the hearing panel support for Albert's claim that he is being punished because of his life-style.

Members of the State Bar do not surrender the right to travel and they may practice on circuit, but they ought to be accessible and responsive to communications from their clients. They must

[1] The subject matter is discussed at considerable length in *Anno: Negligence, Inattention or Professional Incompetence of Attorney in Handling Client's Affairs as Ground for Disciplinary Action,* 96 ALR2d 823.

organize their affairs so that they fulfill the professional obligations they undertake.

The record amply supports the findings of the hearing panel and the Grievance Board that Albert accepted retainers and did not render the agreed services. In several instances his inaction may have resulted in loss to his clients.

## VII

Under the State Bar Grievance Board Procedural and Administrative Rules, it is the obligation of counsel for the State Bar Grievance Administrator to present "all available evidence" relating to complaints. See Rules Concerning the State Bar of Michigan, Rule 16.5.2(b). We do not read this rule as obliging counsel for the Grievance Administrator to subpoena and produce the other lawyer with whom Albert formerly shared offices. We remanded this case to the Grievance Board for an additional hearing to afford Albert every opportunity to make his defense. He was aware that this other lawyer did not appear at the earlier hearings. He did not ask counsel for the Grievance Administrator to produce this other lawyer at the supplemental hearing or object, before the present appeal, to his nonproduction. This lawyer, who then had become a district judge, was readily amenable to subpoena by Albert.

The chairman of the hearing panel properly directed that the hearings be held in Wayne County even though Albert then maintained both his office and residence in Ironwood.[2] Albert had maintained an office in Wayne County during the

---

[2] "Hearings shall, at the discretion of the hearing panel, be held within the county in which the respondent has or last had his office or residence, unless the chairman of the hearing panel shall otherwise direct." Rules Concerning the State Bar of Michigan, Rule 16.10.

period of the charged acts of misconduct. It was in Wayne County that each of the complainants, except Bernstein, had initially retained him. It is perfectly understandable that the hearings would be held in Wayne County where the witnesses were most readily available.

It was not necessary for the hearing panel or Grievance Board to allocate the punishment among the several charged and proven acts of misconduct; all the charges concern neglect of duty.

## VIII

We are concerned about the span of time over which the hearings stretched. The rules require that, "[a]ll procedures hereunder shall be as expeditious as possible." Rules Concerning the State Bar of Michigan, Rule 16.33(b). The first hearing was held on April 8, 1971, and adjourned. On June 10, 1971, further testimony was taken, and the cause was adjourned a second time. On August 17, 1971, further testimony was heard and the cause adjourned a third time. Finally, on December 8, the taking of testimony concluded. Although continuances were sought by Albert, none were granted; the eight-month time span cannot be charged to him. The members of a hearing panel, and counsel for the parties, cannot be expected to keep testimony in mind for such a long period. If the question were a closer one we might be more troubled about this aspect of the case. Every effort should be made to hear all the testimony within a reasonably short period of time.

## IX

The Court has also considered Albert's com-

plaint for declaration of rights and liability or for superintending control filed with us after this case was placed on the hearing calendar. This complaint constitutes a general attack on the State Bar grievance procedure. Since we have considered the specific claims of error concerning the conduct of the grievance proceedings against Albert, there is no need in deciding this case to review the grievance procedure generally. An order will enter dismissing the complaint.

Affirmed.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred.