STATE BAR GRIEVANCE ADMINISTRATOR v POSLER

1. ATTORNEY AND CLIENT—DISCIPLINE—DELAYS IN FILING—ERRO-
   NEOUS ADVICE TO FIDUCIARY.
   An attorney's conduct merited disciplinary action where the
   attorney delayed filing of a petition for probate of an estate for
   over seven years and advised the administrator of the estate to
   distribute funds although there had been no determination of
   heirs, no accounting in probate court and no petition for
   distribution of the assets, and where in another instance the
   attorney unreasonably delayed the filing of an inventory neces-
   sary for the probate of an estate.

2. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—COERCION—
   PRIVILEGE AGAINST SELF-INCRIMINATION.
   An attorney appearing before a hearing panel of the State Bar
   Grievance Board was not coerced into answering questions
   where a review of the record discloses no threat or finding of
   contempt and discloses that the attorney was aware that he
   could refuse to testify whenever he believed the testimony
   would violate his privilege against self-incrimination.

3. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD RULES—
   HEARING PANEL RULES—DELAYS IN REPORTING.
   A rule concerning the State Bar which states that a hearing
   panel shall report its action to the State Bar Grievance Board
   within 30 days of conclusion of a hearing should be read in
   conjunction with another rule which requires that procedures
   shall be as expeditious as possible; therefore the 30-day period
   is to be regarded as a goal and not jurisdiction, and the filing of
   a report 77 days after the hearing was not unreasonable.

4. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—DISCIPLINE
   —SUPREME COURT—REVIEW.
   The Michigan Supreme Court will not invoke its power to over-

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 7 Am Jur 2d, Attorneys at Law §§ 12–20.
[2] 7 Am Jur 2d, Attorneys at Law § 68.
   Degree or quantum of proof necessary to justify disbarment or
   suspension of attorney, 105 ALR 984.
[3] 7 Am Jur 2d, Attorneys at Law §§ 17, 74.

turn a disciplinary action imposed by the State Bar Grievance Board where the action was reasonable in light of the facts.

Appeal from State Bar Grievance Board. Submitted October 11, 1974. (No. 14 October Term 1974, Docket No. 55,411.) Decided October 30, 1974.

Disciplinary proceedings against Donald M. Posler. Order entered suspending respondent from practicing law for 90 days. Respondent appeals. State Bar Grievance Administrator cross-appeals. Affirmed.

*Louis Rosenzweig,* for the State Bar Grievance Administrator.

*Donald M. Posler, in propria persona,* respondent.

M. S. COLEMAN, J. Respondent appeals an order of the State Bar Grievance Board suspending him from the practice of law for a period of 90 days. The State Bar Grievance Administrator claims a cross-appeal from the order because it reduced the six months suspension imposed by the hearing panel. We affirm the order of the board.

The hearing panel found that respondent had conducted himself in an unprofessional manner by his handling of certain probate matters. There is sufficient testimony and factual support on the record to support these findings. See *State Bar Grievance Administrator v Estes,* 392 Mich 645; 221 NW2d 322 (1974).

In one instance respondent delayed the filing of a petition for probate of an estate for over seven years. He also advised the administrator of the estate to distribute funds, although there had been no determination of heirs, no accounting in the probate court and no petition for distribution of

assets. In the other instance, respondent unreasonably delayed the filing of an inventory necessary for the probate of an estate. Direct and repeated intercession by the probate court was necessary.

The hearing panel concluded that respondent was "unfit to be entrusted with professional or judicial matters". The length of his suspension reflected respondent's previous history. On 3 separate occasions he had received reprimands concerning a total of 11 individual complaints. He had received a previous suspension of 30 days for his negligent handling of a claim for damages. The suspension was affirmed in *State Bar Grievance Administrator v Posler,* 390 Mich 581; 213 NW2d 133 (1973).

Respondent makes three claims of error. (1) He argues that Rule 16.11, which permits the respondent to be called by the grievance administrator and cross-examined, violates his right to due process of law. He claims his answers were coerced because of the possibility that any refusal to answer would be regarded as contemptuous.[1]

The record discloses no threat or finding of contempt by the grievance administrator or the hearing panel. It does disclose that respondent was aware that he could refuse to testify whenever he believed the testimony would violate his privilege against self-incrimination. We find no coercion.

(2) The hearing panel filed its report and order 77 days after the hearing. Respondent claims that the delay violates Rule 16.3.3(d) which states, "[e]ach hearing panel shall * * * [r]eport their actions to the board; within 30 days of conclusion

---

[1] *Compare State Bar of Michigan v Block,* 383 Mich 384; 175 NW2d 769 (1970), where the identical issue was raised by respondent therein and was decided adversely to him.

of a hearing". This must be read in conjunction with Rule 16.33 which requires that procedures "shall be as expeditious as possible". The 30-day period in 16.3.3(d) should be regarded as a goal and not jurisdictional. We are not faced with a protracted hearing process. Compare *State Bar Grievance Administrator v Albert*, 390 Mich 234; 212 NW2d 17 (1973). We are concerned with the time needed to reach a decision after the facts are gathered. It would be unreasonable and unfair to both sides to impose a rigid rather than a reasonable time limitation on such process. See *Cowen v Wayne Circuit Judge*, 296 Mich 678; 296 NW 837 (1941).

(3) Respondent's final allegation of error is that his 90-day suspension is an excessive penalty. Given the facts of this proceeding and respondent's past history, the suspension imposed must be characterized as merciful, not excessive.

The grievance administrator also disagrees with the 90-day suspension. He asks this Court to reinstate the hearing panel's six months suspension. Rule 16.23(h) permits this Court to "make such order as may be deemed appropriate". See *State Bar Grievance Administrator v Estes*, 390 Mich 585; 212 NW2d 903 (1973). However, we invoke this power only if the disciplinary action imposed by the grievance board is inappropriate. In this case we think the 90-day suspension, although merciful, is nevertheless within reason, so we will not overturn its decision.

Respondent's suspension is affirmed.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and J. W. FITZGERALD, JJ., concurred with M. S. COLEMAN, J.