IN THE MATTER OF TROMBLY

Docket No. 57915. Argued October 7, 1976 (Calendar No. 16).—Decided December 21, 1976.

Joseph V. Trombly petitioned for reinstatement to the State Bar of Michigan more than five years after his license to practice law was revoked on recommendation of the State Bar Grievance Committee in a disciplinary proceeding. The State Bar Grievance Board found that the petitioner did not sustain the burden of proof required for reinstatement and dismissed the petition. The petitioner appeals. *Held:*

1. The burden is on the petitioner in reinstatement proceedings before the State Bar Grievance Board to establish his eligibility to be restored as a member of the bar by clear and convincing evidence. Examination of the record in this case discloses that the findings of the State Bar Grievance Board have proper evidentiary support.

2. A license to practice limited to the preparation of wills is not feasible under the state bar licensing statutes.

3. The disciplinary powers of the Supreme Court in state bar grievance proceedings are not for the punishment of wrongdoing by the lawyer under investigation; foremost in the Court's concern is the protection of the public.

4. In a grievance matter, the Supreme Court may "make such order as may be deemed appropriate". The order of disbarment is terminated; however, the petitioner is immediately placed on inactive status on the Supreme Court's own motion until further order of the Court.

Affirmed in part, reversed in part.

1. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—FINDINGS.

The Supreme Court in reviewing grievance proceedings from the State Bar Grievance Board must determine whether the

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 67.
[2] 7 Am Jur 2d, Attorneys at Law § 72.
[3] 7 Am Jur 2d, Attorneys at Law § 73.
[4] 7 Am Jur 2d, Attorneys at Law § 13.

board's findings have proper evidentiary support on the whole record.

2. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—REINSTATE-MENT—BURDEN OF PROOF.

   The burden is on the petitioner in reinstatement proceedings before the State Bar Grievance Board to establish his eligibility to be restored as a member of the bar by clear and convincing evidence (State Bar Rule 15, § 7).

3. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—REINSTATE-MENT—LIMITED PRACTICE.

   A license to practice limited to the preparation of wills is not feasible under the state bar licensing statutes (State Bar Rule 17, § 3[3]).

4. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—PROTECTION OF PUBLIC.

   The disciplinary powers of the Supreme Court in state bar grievance proceedings are not for the punishment of wrongdoing by the lawyer under investigation; foremost in the Court's concern is the protection of the public.

*Abdul S. Sheikh* for petitioner.

*Eugene N. LaBelle,* Associate Counsel to State Bar Grievance Administrator, for respondent.

COLEMAN, J. Petitioner appeals[1] from the February 27, 1976 order of the State Bar Grievance Board denying his petition for reconsideration of his petition for reinstatement as a member of the State Bar of Michigan.

The facts of the instant case are not in dispute. Petitioner is 71 years old. He served as probate judge for Macomb County for 24 years, from 1941 to 1965. He was defeated while running for his seventh consecutive term as probate judge.

Following his defeat, petitioner suffered emotional problems which he characterized in his own words:

---

[1] Grievance Board Rule 16.24.

"Having lost my judgeship by election and being financially pressed, everything seemed to go wrong for me and I became depressed and very unhappy with myself.

"Being depressed at the time, I began to lose interest in my practice of law in late summer of 1969."[2]

Petitioner seriously neglected his duties as an attorney. Pursuant to recommendations of the State Bar Grievance Committee, petitioner was permanently disbarred on December 18, 1969. Petitioner never answered the formal complaint of the grievance committee and never appeared at the 1969 hearing.[3]

On February 20, 1975, Mr. Trombly petitioned for reinstatement as an attorney in good standing.

A proceeding was held before Wayne County Hearing Panel No 10 on July 15, 1975. The August 6, 1975 report of Hearing Panel No 10 states in pertinent part:

"5. That at the hearing, two witnesses appeared in opposition to said petition, to-wit: Florence Moran, a former client, and her present attorney, Leonard Reinowski, Esq.

"6. That the unrebutted testimony of Mrs. Moran and Mr. Reinowski as to petitioner's conduct subsequent to his disbarment indicated:

"(a) a flagrant disregard of the orders of a Judge of the Macomb County Circuit Court with regard to turning over to Mr. Reinowski the file of Mrs. Moran and the execution of a substitution of attorneys thereon.

"(b) the fact that a default judgment was taken against the petitioner in a lawsuit commenced on behalf of Mrs. Moran in the principal sum of $1,000, plus interest and costs.

---

[2] Petitioner's statement of March 19, 1975 incorporated into the record at the July 15, 1975 proceeding before Wayne County Hearing Panel No. 10.

[3] Petitioner so testified at the July 15, 1975 hearing.

"(c) that the petitioner did attempt to settle said matter directly with Mrs. Moran, thereby disregarding the recognized attorney's lien held by Mr. Reinowski as her attorney in the action filed against petitioner by Mrs. Moran, and in the course of said attempted 'private' settlement delivered a check in the approximate sum of $400–$425 which was returned for insufficient funds but which check was eventually honored after the intervention of the Clinton Township Police Department.

"(d) that no explanation was offered at the hearing by way of rebuttal to the serious charges set forth above.

"7. That the petitioner, while testifying as the sole witness on his behalf, appeared to ramble in a series of unrelated explanatory statements as to his past misconduct. It was evident to the panel that the petitioner was confused as to many elements of hornbook law and could not safely be licensed to counsel and advise the public as an attorney. This stated attempt to limit his practice to the 'preparation of wills' for example, was negatively perceived by the panel as being a limitation of practice which all recognize as not being feasible under our licensing statutes. In short, the panel felt that the petitioner was no longer qualified, in a scholarship sense, of being held out to the public, as a skilled attorney and that our obligation to the public was paramount in our considerations.

"8. That the petitioner did not in other ways sustain the burden which was his at the hearing of producing evidence that was clear and convincing of his petition for reinstatement."

The hearing panel's order dismissed the petition for reinstatement. Mr. Trombly petitioned the grievance board for a review of the dismissal order. A hearing was held before the State Bar Grievance Board on November 21, 1975. On December 18, 1975 the grievance board affirmed the order of the hearing panel.

In bar grievance matters, this Court must determine "whether the Board's findings have proper

evidentiary support on the whole record".[4] In rein-statement proceedings, the burden is on the petitioner to establish his eligibility by "clear and convincing evidence" that:

"(a) He desires in good faith to be restored to the privilege to practice law in this State;

"(b) The term of suspension prescribed in the order of suspension has elapsed or 5 years have elapsed since revocation of the license;

"(c) He has not practiced law contrary to the requirement of his suspension or revocation and has not attempted to do so since he was disciplined;

"(d) He has complied fully with the terms of the order for discipline;

"(e) His attitude towards the misconduct for which he was disciplined is one of genuine remorse;

"(f) His conduct since the discipline has been exemplary and above reproach;

"(g) He has proper understanding of and attitude towards the standards that are imposed upon members of the bar and that he will conduct himself in conformity with such standards;

"(h) He can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise to act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and as an officer of the courts."[5]

As was noted above, the hearing panel found that the petitioner did not satisfy the requirements under subsections (f) and (h).

Our examination of the transcripts and briefs

---

[4] *State Bar Grievance Administrator v Estes,* 390 Mich 585, 593; 212 NW2d 903 (1973); *State Bar Grievance Administrator v Estes,* 392 Mich 645, 649; 221 NW2d 322 (1974); *State Bar Grievance Administrator v Posler,* 393 Mich 38, 39; 222 NW2d 511 (1974); *State Bar Grievance Administrator v Ryman,* 394 Mich 167, 174; 229 NW2d 311 (1975).

[5] State Bar Rule 15, § 7.

discloses that the board's findings do have proper evidentiary support on this record.

The petitioner attempted to limit his practice to the "preparation of wills", because he has a severe hearing deficiency. As the hearing panel noted, such limited practice is not "feasible under our licensing statutes".[6]

In all bar grievance matters, it must be remembered that this Court does not wish to punish the lawyer under investigation. Foremost in our concern is the protection of the public.[7] This philosophy is universally embraced. In an appeal from a suspension order, the United States Court of Appeals for the Seventh Circuit stated:

"We do point out, however, that the disciplinary powers of the courts do not exist for the punishment, as such, of wrongdoing. They exist so that the administration of justice may be protected by weeding out practitioners who are not trustworthy."[8]

Regardless of our feelings of sympathy for a disbarred attorney, our paramount concern must always be to safeguard the public. A hearing panel of three persons and a seven-person grievance board have found him not fit for reinstatement. We cannot underestimate the advantage of the board and the hearing panel in that they were able to observe the petitioner's demeanor as he testified. This is particularly significant in light of petitioner's acknowledged emotional problems.

In bar grievance matters, this Court "may make

[6] State Bar Rule 17, § 3(3).

[7] See fn 5, *supra.*

[8] *In re Echeles,* 374 F2d 780, 782 (CA 7, 1967). *See also, Steere v State Bar of Texas,* 512 SW2d 362 (Tex Civ App, 1974); *In re Barton,* 273 Md 377, 381; 329 A2d 102, 104–105 (1974).

such order as may be deemed appropriate".[9] Thus, we find that order of disbarment of petitioner should be terminated. However, on our own motion, it is ordered that petitioner be immediately placed on inactive status until further order of this Court.

Affirmed in part and reversed in part.

KAVANAGH, C. J., and WILLIAMS, LEVIN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred with COLEMAN, J.

[9] Grievance Board Rule 16.24(h).