STATE BAR GRIEVANCE ADMINISTRATOR v WOLL

Docket No. 58692. Argued February 2, 1977 (Calendar No. 14).—
Decided September 20, 1977.

The State Bar Grievance Administrator charged Arthur S. Woll
with professional misconduct arising from employment of Mau-
rice Brackney, Jr., to solicit cases and clients in return for
monetary compensation. The State Bar Grievance Board dis-
missed the complaint "without prejudice" on the motion of the
Grievance Administrator after Brackney had failed to appear
as a witness at the hearing on the complaint, and the adminis-
trator was unable to obtain a deposition from the witness
during an adjournment. Respondent appeals. *Held:*

1. It is within the sound discretion of the State Bar Griev-
ance Board, or its hearing panel, to determine the terms and
conditions upon which a complaint may be dismissed, *i.e.,* with
prejudice or without prejudice. The enactment of the Proce-
dural and Administrative Rules of the State Bar Grievance
Board gave it a quasi-judicial capacity. The Grievance Rules
provide that proceedings shall conform as near as practicable
with the requirements of the General Court Rules for trials of
non-jury civil causes, and GCR 1963, 504.1(2) provides for
dismissals with or without prejudice. The authority to dismiss
with or without prejudice is basic to the administration of the
procedures of the board and is supported by the Grievance
Rules which are to be liberally interpreted for the protection of
the public, the courts, and the legal profession.

2. In exercising its discretion to grant a dismissal without
prejudice, the State Bar Grievance Board is to weigh the
competing interests of the parties along with any resultant
inconvenience to the board from further delays. The protection
of the public, the courts, and the legal profession is the interest
represented by the State Bar Grievance Administrator which
supersedes the interests of the respondent attorney.

3. The State Bar Grievance Administrator showed due dili-
gence in attempting to obtain the presence of the witness, who

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 7 Am Jur 2d, Attorneys at Law § 12 *et seq.*

had never shown an unwillingness to testify, and in attempting to take a deposition from him. The Grievance Board found that the seriousness of the charges in the complaint and the importance of the testimony of the witness indicate that the welfare of the public and the State Bar would suffer by dismissal of the complaint with prejudice. Therefore, the State Bar Grievance Board did not abuse its discretion in granting a dismissal without prejudice. The action of the State Bar Grievance Board is affirmed. Because of the interest of the respondent, the matter is remanded for setting a reasonable time limit for reinstatement of proceedings againt him.

Affirmed.

1. ATTORNEY AND CLIENT—DISCIPLINARY PROCEEDINGS—DISMISSAL—WITHOUT PREJUDICE.

It is within the sound discretion of the State Bar Grievance Board or its hearing panel to determine the terms and conditions upon which a complaint may be dismissed, *i.e.,* with prejudice or without prejudice (GCR 1963, 504.1[2]; Grievance Rule 16.11, Grievance Rule 16.13).

2. ATTORNEY AND CLIENT—DISCIPLINARY PROCEEDINGS—DISMISSAL—WITHOUT PREJUDICE—DISCRETION.

The State Bar Grievance Board, in exercising its discretion to grant a dismissal without prejudice, is to weigh the competing interests of the parties along with any resultant inconvenience to the board from further delays (GCR 1963, 504.1[2]; Grievance Rule 16.11, Grievance Rule 16.13).

3. ATTORNEY AND CLIENT—DISCIPLINARY PROCEEDINGS—PUBLIC INTEREST.

The State Bar Grievance Administrator represents the interest of protection of the public, the courts, and the legal profession which is the paramount concern in proceedings for discipline of lawyers.

4. ATTORNEY AND CLIENT—DISCIPLINARY PROCEEDINGS—DISMISSAL—WITHOUT PREJUDICE.

Dismissal without prejudice of a complaint which charged that an attorney used an employee to solicit cases when the employee failed to appear for a State Bar grievance hearing was not an abuse of the discretion of the State Bar Grievance Board where the Grievance Administrator showed due diligence in attempting to obtain the testimony of the employee, and the Grievance Board found that the seriousness of the charges in the complaint and the importance of the testimony of the employee

indicate that the welfare of the public and the State Bar would suffer by dismissal of the complaint with prejudice (GCR 1963, 504.1[2]; Grievance Rule 16.11, Grievance Rule 16.13).

*Louis Rosenzweig,* Counsel to the State Bar Grievance Administrator.

*George E. Ganos* for respondent.

WILLIAMS, J. This is a State Bar Grievance Board (hereafter "board") case involving an issue of first impression. The issue is whether the board and hearing panels have authority to dismiss a case without prejudice. The hearing panel found it did not have such authority; the board held it did and dismissed the complaint against appellant without prejudice. Appellant appealed saying neither the hearing panel nor the board has such authority, and if the board did, it abused its discretion.

We affirm the decision of the board dismissing the complaint without prejudice, but remand to the board so that it might set a reasonable time limit on any reinstatement of proceedings against appellant based on the charges in the complaint at issue.

## I—FACTS

On November 3, 1975 the State Bar Grievance Administrator (hereafter "administrator") filed a formal complaint with the board, charging appellant, Arthur S. Woll, with having employed Maurice Brackney, Jr., to solicit cases and with having paid him for supplying several clients, in violation of the Canons of Professional Responsibility and the Supreme Court Rules governing the State Bar of Michigan.

Before any testimony was taken on the substan-

tive matters of the complaint, the hearing was adjourned to allow the administrator to take the deposition of its principal witness, who was out of the state.

Before the hearing was scheduled to reconvene, the administrator filed a motion to dismiss the complaint without prejudice to reinstatement. The appellant filed a written answer objecting to the dismissal without prejudice and requesting a dismissal with prejudice.

On January 15, 1976 the hearing panel reconvened. The administrator moved for a dismissal of the complaint without prejudice. The appellant objected. Argument was heard on the motion to dismiss without prejudice. No testimony was taken on the substantive matters of the formal complaint.

On January 29, 1976 the hearing panel issued a formal order of dismissal. They found that the rules did not authorize them "to exercise the discretion lodged in a circuit judge to dismiss a complaint with prejudice or without prejudice".

From the order of dismissal, the administrator appealed to the board. Arguments were presented to the board on April 23, 1976. On July 14, 1976 the board entered an order modifying the order of the hearing panel by ordering the complaint dismissed without prejudice.

## II—AUTHORITY OF THE STATE BAR GRIEVANCE BOARD

We are presented with a case of first impression concerning the procedural rules of the board, whether the board has the authority to dismiss a complaint with prejudice or without prejudice.

The board, likewise the hearing panel, has such authority. We granted it when we adopted the Procedural and Administrative Rules of the State Bar Grievance Board.

The board was created by this Court, as the preamble to the State Bar Rule 16 states, to supervise and discipline attorneys.

"There is hereby created within the State Bar of Michigan the State Bar Grievance Board, which shall be and which shall constitute the arm of the Supreme Court for the discharge of its exclusive constitutional responsibility to supervise and discipline the members of the State Bar of Michigan."

The Procedural and Administrative Rules of the State Bar Grievance Board adopted by this Court May 7, 1970, delineate the powers and duties of the board. Grievance Rule 16.11(c) provides that:

"Pleadings and proceedings before a Hearing Panel shall conform as near as practicable with requirements of the General Court Rules for trials of non-jury civil causes in circuit courts, except as otherwise provided hereunder."

GCR 1963, 504.1(2) provides:

"(2) By Order of Court. * * * [A]n action shall not be dismissed at the plaintiff's instance unless by order of court upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal by order of court under this paragraph is without prejudice."

We interpret Grievance Rule 16.11 and GCR

1963, 504.1(2)[1] to place within the sound discretion of the hearing panel or board the power to determine the terms and conditions upon which a complaint may be dismissed, *i.e.,* with prejudice or without prejudice, there being nothing to the contrary in the rules of the board.[2]

Although the board is an administrative agency, the enactment of the Procedural and Administrative Rules of the State Bar Grievance Board gave it a quasi-judicial capacity. This is expressly presented in Grievance Rule 16.11 requiring the pleadings and proceedings to conform, as near as practicable, to the General Court Rules for nonjury civil cases. The power to regulate its proceedings in conformity with the General Court Rules can only be interpreted as giving the board quasi-judicial powers. The board has been recognized as acting in a quasi-judicial capacity in place of the circuit courts in the bar grievance procedures adopted in 1970. See *Sternberg v State Bar of Michigan,* 384 Mich 588, 593; 185 NW2d 395 (1971).

The authority to dismiss a complaint with or without prejudice is basic to the administration of the procedures of the board. Grievance Rule 16.34(d), Construction of Rules, provides "These rules and Rule 15 shall be liberally construed for the protection of the public, the courts and the legal profession * * * ". The liberal interpretation

---

[1] 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 332, comments on the rule as follows:

"In passing upon a motion for leave to dismiss under this provision, the court will exercise its discretion in weighing plaintiff's reasons for wanting a dismissal against possible harassment or loss of time and effort in preparation of the case by defendant. Unless otherwise specified in the order of dismissal, a dismissal by order of court under this provision is without prejudice."

[2] Grievance Rule 16.13 allows a hearing panel to dismiss a complaint. It does not state how a complaint is to be dismissed, *i.e.,* with prejudice or without prejudice.

of the rules, required for the protection of the public, the courts and the legal profession, supports the granting of such powers to the board.

### III—EXERCISE OF DISCRETION BY THE BOARD

The board has, within its discretion, the authority to dismiss a complaint with prejudice or without prejudice. We review to determine if the board abused its discretion by dismissing the instant complaint without prejudice.

In reviewing the exercise of discretion by the board we use the language of the Court of Appeals in *African Methodist Episcopal Church v Shoulders,* 38 Mich App 210, 212; 196 NW2d 16 (1972), where the Court said:

"Plaintiffs argue that the grant or denial of a voluntary dismissal is within the sound discretion of the trial judge. We agree; however, in exercising that discretion the trial judge is to weigh the competing interests of the parties along with any resultant inconvenience to the court from further delays." (Citations omitted.)

State Bar Rule 15, § 4 states:

"Discipline for misconduct is not intended as punishment for wrongdoing but is for the protection of the public, the courts and the legal profession."

The protection of the public, courts and legal profession is the interest represented by the administrator. As we stated in *In the Matter of Trombly,* 398 Mich 377, 382; 247 NW2d 873 (1976):

"Regardless of our feelings of sympathy for a disbarred attorney, our paramount concern must always be to safeguard the public."

A review of the record convinces us that the board did not abuse its discretion in modifying the order of the hearing panel by ordering the complaint dismissed without prejudice.

The hearing was before Wayne County Hearing Panel No. 18, on December 4, 1975. At the opening of proceedings the administrator requested an adjournment on the grounds that his principal witness, Maurice Brackney, Jr., was residing in Florida and had agreed to come to Detroit to testify and had not done so. No testimony was taken on the substantive matters of the formal complaint.

An assistant administrator for the State Bar Grievance Board testified to his diligence in obtaining the testimony of the witness as the basis of the request for adjournment. A plane ticket had been sent for Mr. Brackney's return to Detroit. Counsel for the administrator was waiting at the airport for Mr. Brackney's arrival, but he did not arrive. At no time had Mr. Brackney indicated that he would not return to Detroit and testify. This testimony of the assistant administrator was sufficient to support a finding of due diligence.

Appellant objected to the granting of an adjournment on the grounds that the defense was ready for trial, the appellant's reputation would be further damaged by delay and the appellee had filed to show that it had been diligent in trying to produce the witness's testimony. The hearing panel granted a ''reasonable adjournment'' until January 15, 1976 for the purpose of taking the witness's deposition in Florida.

On January 5, 1976 counsel for the administrator filed a motion, supported by an affidavit, to dismiss the complaint without prejudice to the reinstatement of the complaint because it was impossible to take the deposition within the time

limits set by the hearing panel; that efforts had been made to obtain the testimony of the witness, but after exercising due diligence they were unable to serve a subpoena on the witness and take his deposition within the time set by the hearing panel, because he had left his place of employment and Key Largo, Florida.

The affidavit stated a Florida subpoena had been issued for Mr. Brackney. In attempting to serve the subpoena

"the process server had learned from his investigation at Key Largo, Florida, that Brackney had been fired from his employment and had left for the Islands around Thanksgiving of November, 1975. Therefore service on Brackney with the Florida subpoena was unsuccessful."

The affidavit of the administrator was sufficient to support a finding of due diligence.

The appellant filed a written answer to the appellee's motion contending that, under the rule set forth by the Supreme Court, once the complaint had been filed the hearing panel lacked the authority to dismiss the complaint "without prejudice" and further, that such a dismissal would work a grave hardship and injustice upon the appellant, and would be unreasonable and without precedent. Appellant requested that appellee's motion be denied and that either the administrator be required to proceed as scheduled or the complaint be dismissed with prejudice.

On January 15, 1976, the adjourned date of hearing, the hearing panel was reconvened. The administrator moved for a dismissal of the complaint without prejudice. The appellant objected to the granting of a dismissal without prejudice on several grounds: (1) that the administrator had

failed to show that he had been diligent in attempting to secure the witness (2) that the rules allow for only one adjournment and that appellee was attempting, in effect, to get a second adjournment of indefinite duration; (3) that the rules did not grant the hearing panel the power to dismiss the complaint without prejudice once the complaint had been made public; (4) that January 15, 1976 was set as the date for the continued hearing and since the appellant was present and ready the administrator was obligated to proceed with the case. Argument was heard on the motion to dismiss without prejudice. No testimony was taken on the substantive matters of the formal complaint.

The appellant made a motion to dismiss, assuming the administrator had rested, on the basis that the administrator had failed to prove by a preponderance of the evidence the charges brought forth. The administrator stated that he had not rested because he had never opened. He stated the position of the administrator that a prima facie case against appellant could not be made without the testimony of the witness in question. The hearing was adjourned.

On January 29, 1976 the hearing panel issued a formal order of dismissal. The hearing panel found that the rules did not authorize it "to exercise the discretion lodged in a circuit judge to dismiss a complaint with prejudice or without prejudice".

From the order of dismissal, the administrator appealed to the board. Arguments were presented to the board on April 23, 1976. On July 14, 1976 the board entered an order modifying the order of the hearing panel by ordering the complaint dismissed without prejudice.

The opinion of the board noted that

"[t]he seriousness of the charges in the complaint and the obvious importance of the testimony of the witness Brackney indicate that this is a matter which should be thoroughly and carefully examined. * * * It is our opinion that the general welfare of the public and the Bar would suffer by the dismissal of this case with prejudice. We believe that the matters alleged in this complaint should be investigated thoroughly by the hearing panel if evidence is available relative thereto."

The board found that although the Michigan Supreme Court rules of the board were silent as to the question of how a case may be dismissed, *i.e.,* with or without prejudice (Grievance Rule 16.13), Grievance Rule 16.11 requires the proceedings to conform as nearly as practicable with requirements of General Court Rules for trials of non-jury civil causes in circuit courts except as otherwise provided therein. The board said:

"General Court Rule 504.1(2) provides in part, ' * * * an action shall not be dismissed at the plaintiff's instance unless by order of court upon such terms and conditions as the court deems proper * * * .' "

The board concluded that the question of dismissal with or without prejudice, one of first impression, was entirely within the discretion of the board and chose to exercise its discretion by dismissing the complaint without prejudice.

Recognizing our paramount concern as the protection of the public, we find no abuse of discretion on the part of the board. The facts present a delicate balance of interests and we cannot say the board was wrong in the decision it reached to dismiss the complaint without prejudice.

### IV—REASONABLE TIME LIMIT FOR REINSTATEMENT OF PROCEEDINGS

We are not unaware of the interest of appellant

in this instance. Therefore, we remand to the board so that a reasonable time limit for reinstatement of proceedings against appellant can be set. This refers to proceedings based on the complaint at issue.

## V—CONCLUSION

We find that the board and hearing panels have, within their discretion, the authority to dismiss a complaint with prejudice or without prejudice. We find in this instance the board did not abuse its discretion by dismissing the complaint without prejudice. We do remand to the board so that a reasonable time limit for reinstatement of proceedings based on the instant complaint can be set.

KAVANAGH, C. J., and LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with WILLIAMS, J.