STATE BAR GRIEVANCE ADMINISTRATOR v GILLIS

Docket No. 58940. Argued November 3, 1977 (Calendar No. 14).—
Decided February 27, 1978. Rehearing denied *post,* p 966.

Philip A. Gillis was suspended from the practice of law for 60
days by the State Bar Grievance Board after he was convicted
of willful failure to file a Federal income tax return. Respon-
dent appeals. *Held:*

1. The Grievance Board Rule which provides that an attorney
convicted of a felony, or of a crime punishable by imprisonment
for one year or more, or of a crime involving moral turpitude
may be suspended from the practice of law has an important
expediting function in relieving the State Bar Grievance Ad-
ministrator of the burden of establishing actionable misconduct
under the State Bar Rules against an attorney convicted of a
serious crime. The rule does not require independent proof of
misconduct; the fact of conviction alone establishes the State
Bar Grievance Administrator's case.

2. Disciplinary measures for nonprofessional misconduct evi-
denced by conviction of failure to file an income tax return,
whether or not the crime involves moral turpitude, are neces-
sary to maintain the integrity of the legal profession. A 60-day
suspension is not excessive for conviction of willful failure to
file an income tax return, especially since the respondent was
previously convicted, on his plea of nolo contendere, of the
same offense.

3. The respondent was not denied equal protection under the
law because GCR 1963, 932.4 provides that an attorney who is
a judge shall be deemed guilty of misconduct if convicted of a
felony. The court rule does not preclude the Judicial Tenure
Commission from finding in a particular case that a judge who
willfully fails to file an income tax return is guilty of miscon-
duct.

4. The Sixth Circuit Court of Appeals affirmed the defend-
ant's conviction and the United States Supreme Court denied
his petition for writ of certiorari. This Court is not inclined to
engage in collateral review of the issues argued in those pro-
ceedings.

Affirmed.

Chief Justice Kavanagh, joined by Justice Levin, dissented on the ground that under the circumstances of the instant case the Court's obligation to the profession and the public would be served by a reprimand because there is no suggestion that clients or the courts may not properly continue to repose trust and confidence in the respondent. The disciplinary rules should be modified to provide that only misconduct in the course of professional activities or conduct outside of professional activities indicating that a lawyer can no longer be trusted to represent clients or appear in court warrants discipline.

*Louis Rosenzweig,* Counsel for State Bar Grievance Administrator.

Philip A. Gillis, *in propria persona,* and *Carl Ziemba* for respondent.

PER CURIAM. Appellant, Philip A. Gillis, is before the Court on appeal from the State Bar Grievance Board's affirmance of a 60-day suspension of his privilege to practice law, ordered by the hearing panel.

The State Bar Grievance Administrator charged and the hearing panel concluded that Mr. Gillis violated Canon 1, DR 1-102(A), subds (1), (3), and (6), of the Code of Professional Responsibility,[1] State Bar Rule 15, § 2(1)-2(5),[2] and State Bar Grievance Board Rule 16.17.[3]

---

[1] DR 1-102 provides in part:

"(A) A lawyer shall not:

"(1) Violate a Disciplinary Rule.

\* \* \*

"(3) Engage in illegal conduct involving moral turpitude.

\* \* \*

"(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

[2] State Bar Rule 15 provides in part:

"Sec. 2. Grounds for Discipline in General. The following acts or omissions by a member of the bar of this State, individually or in concert with any other person or persons, shall constitute misconduct and shall be grounds for discipline whether or not the act or omission occurred in the course of an attorney-client relationship.

"(1) Conduct prejudicial to the proper administration of justice;

The State Bar Grievance Board affirmed the hearing panel order suspending Mr. Gillis for 60 days and assessing him costs of $77.50.

Mr. Gillis' 1975 jury conviction of willful failure to file an income tax return, a Federal misdemeanor,[4] served as the impetus for the initiation of the disciplinary proceedings.

---

"(2) Conduct that exposes the legal profession or the courts to obloquy, contempt, censure or reproach;

"(3) Conduct that is contrary to justice, ethics, honesty or good morals;

"(4) Conduct that violates the standards or rules of ethics or professional responsibility adopted from time to time by the Supreme Court of this State;

"(5) Conduct that violates the criminal laws of this or any other State or of the United States."

[3] State Bar Grievance Board Rule 16.17 was renumbered 16.18 between the time the grievance administrator filed his formal complaint and the time the hearing panel filed its report. The rule provides:

"Suspension; Conviction of a Crime. Any attorney convicted of a felony, or convicted of a crime punishable by imprisonment for a term of one year or more, or convicted of a crime involving moral turpitude or sentenced after a plea of *nolo contendere* in connection with any of the foregoing, may, upon such conviction or sentence, be suspended by the Board and he shall thereupon cease to practice law. The Board shall file and serve such order the same as set forth for other orders of discipline.

"Upon a pardon the Board may, and upon a reversal of the conviction the Board shall, enter its order to vacate the suspension. Thereupon, the name of the person shall be returned to the roster of attorneys and counselors at law of this State. The Board shall file and serve such order the same as set forth for orders of discipline."

[4] The statute violated, 26 USC 7203, provides:

"Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

The element of "willfulness" in this crime apparently involves only the intentional failure to file and knowledge by the defendant that he was under a legal obligation to do so; an° intent to defraud the government or other similar bad purpose or evil motive is not

Before the hearing panel, Mr. Gillis contested neither his conviction nor the fact that Grievance Board Rule 16.18 permits suspension because his conviction is "punishable by imprisonment for a term of one year or more".[5] Rather, in mitigation, he testified that his conviction involved no moral turpitude, was unfairly obtained, and was occasioned by certain mental and personality problems which did not affect his law practice adversely and which he is presently attempting to correct.

Before the board, appellant reasserted these arguments and added the following three issues that he also presents to us on appeal:

(1) Whether conviction of willful failure to file a tax return should be a basis for disciplinary action against an attorney;

(2) Whether Rule 16.18 denies attorneys who are not judges equal protection of the law;

(3) Whether appellant's conviction was obtained unfairly.

I

Defendant's principal argument, and the only one his attorney advanced at oral argument, is that an attorney's conviction of a crime not involving moral turpitude does not bear on his ability to deal wisely and ethically with the public and therefore should not be a basis for disciplinary

necessary. *United States v Pohlman*, 522 F2d 974 (CA 8, 1975), *cert den*, 423 US 1049 (1976); *United States v McCorkle*, 511 F2d 482 (CA 7, 1975), *cert den*, 423 US 826 (1975); *United States v Rosenfield*, 469 F2d 598 (CA 3, 1972), *cert den*, 411 US 932 (1973).

[5] In fact, Mr. Gillis was sentenced to a one-year prison term as well as a $5,000 fine. However, all but the first three months of the custody sentence were suspended and it was further ordered that a two-year period of unsupervised probation would follow service of the three-month custody sentence.

action against the attorney. Because defendant's conviction does not involve moral turpitude,[6] and because the grievance administrator chose to rely solely on the fact of the conviction without introducing evidence of any surrounding or aggravating circumstances, defendant maintains that his suspension is improper.

In both *State Bar Grievance Administrator v Lewis,* 389 Mich 668; 209 NW2d 203 (1973) *(Lewis I),* and *State Bar Grievance Administrator v Lewis,* 394 Mich 224; 229 NW2d 316 (1975) *(Lewis II),* we approved the board's invocation of Rule 16.18 in support of a suspension of an attorney because of his conviction of willful failure to file an income tax return.

In *Lewis I,* we observed that the rule has "an important expediting function" in relieving "the administrator of the burden of establishing actionable misconduct under Rule 15, § 2(5), against an attorney convicted of a serious crime". 389 Mich 677. We said that the use of the rule "does not require independent proof of misconduct; the fact of conviction alone establishes the administrator's case". 389 Mich 681.

*Lewis II* answers Mr. Gillis' contention that his 60-day suspension is too severe. There we ruled that a three-month suspension was not excessive for conviction of willful failure to file an income tax return. We note, also, that this is not appellant's first violation. He was previously convicted, on his plea of nolo contendere, of willfully failing to file income tax returns for the years 1956, 1957 and 1958.

The foremost concern of Rule 16.18 is protection of the public.[7] However, important ancillary con-

---

[6] See footnote 4, *supra.*

[7] *In the Matter of Trombly,* 398 Mich 377, 382; 247 NW2d 873

cerns of the rule include protection of the "courts, and the legal profession". *Lewis I, supra,* 677. Commentators have said that the "legal profession's greatest asset has to be the confidence and respect of the society which it serves". Stoddard & Stutsman, *Income Tax Offenses by Lawyers: An Ethical Problem,* 58 ABA J 842 (1972). Disciplinary measures for nonprofessional misconduct evidenced by conviction of failure to file an income tax return, whether or not the crime is considered to involve moral turpitude, are necessary to maintain the integrity of the legal profession.

## II

Appellant also argues that he was denied equal protection under the law because the court rules provide different treatment of the lawyer who is a judge and a lawyer who is not a judge. Mr. Gillis notes that Rule 16.18 provides for discipline of a lawyer for conviction of a crime punishable by imprisonment of one year or more, even though the crime may be a misdemeanor. This punishment differs, appellant contends, from punishment of a judge, who can only be disciplined for conviction of a felony.[8] Appellant cites GCR 1963, 932.4(b)(i) in support of his latter contention:

"A judge shall be deemed guilty of misconduct in office if:

"(i) He is hereafter convicted in the United States of conduct which is punishable as a felony under the laws of Michigan or Federal Law."

(1976). We repeat here what we stated in *Trombly:* the purpose of the disciplinary rules is not to punish.

[8] The "difference" is slight indeed under Michigan law. Rule 16.18 includes crime punishable by imprisonment for "one year or more". MCLA 761.1(g); MSA 28.843(g) defines felony as an offense punishable by imprisonment "for more than 1 year".

We find appellant's argument lacking because
GCR 1963, 932.4(b)(i) refers only to acts which
"shall be deemed" to constitute misconduct. It does
not preclude the Judicial Tenure Commission from
finding in a particular case that a judge who
willfully fails to file his income tax return is guilty
of misconduct justifying discipline. Canon 2(B) of
the Code of Judicial Conduct states that a "judge
should respect and observe the law" and GCR
1963, 932.4(d) provides that conduct in violation of
that code "may constitute misconduct in office" or
other conduct warranting discipline.

### III

Appellant's final contention is that his convic-
tion was obtained unfairly because, first, he was
probably the victim of discriminatory prosecution
because of his status as an attorney and, second,
he was denied due process in the Sixth Circuit
Court of Appeals because of that Court's affirm-
ance of his conviction with a summary opinion.

Appellant argued these and other issues before
the Federal appellate courts. The Sixth Circuit
Court of Appeals affirmed his conviction and the
United States Supreme Court denied his petition
for writ of certiorari. *United States v Gillis,* 538
F2d 330 (CA 6, 1976), *cert den,* 429 US 1023 (1976).
We are not inclined to engage in collateral review
of those proceedings.

### IV

In conclusion, we are satisfied that the record
supports the panel's findings that appellant's con-
viction violated Rules 15, § 2(5) and 16.18, and that
the violations warranted the disciplinary action
imposed. We do not reach the propriety of the

panel's finding that Mr. Gillis' conviction also constituted violations of DR 1-102(A), subds (1), (3), and (6) and State Bar Rule 15, § 2(1)-2(4).

Affirmed. Costs to the board.

WILLIAMS, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

KAVANAGH, C. J. *(dissenting).* We do not believe the penalty of 60 days suspension from the practice of law is warranted under the circumstances of this case. Our obligation to the profession and the public would be as well served by a reprimand.

We reiterate a previous comment:

"In deciding whether any discipline is justified, we should distinguish carefully between what a lawyer does as a lawyer and what he does as a private citizen. The very highest standards can properly be required of a lawyer in his professional conduct, but when he is not purporting to act as a lawyer, his private conduct must be publicly scandalous or indicate that he properly cannot be trusted to advise and act for clients before it justifies public Bar discipline." *State Bar Grievance Administrator v Grossman,* 390 Mich 157, 164; 211 NW2d 21 (1973) (Dissent of T. G. KAVANAGH, J.).[1]

There is no suggestion that clients or the courts may not properly continue to repose trust and confidence in Mr. Gillis.

The rules should be modified to provide that only misconduct in the course of professional activities or conduct outside of professional activities indicating that a lawyer can no longer be trusted to represent clients or appear in court warrants discipline.

LEVIN, J., concurred with KAVANAGH, C. J.

---

[1] See *In re Fahey,* 8 Cal 3d 842; 106 Cal Rptr 313; 505 P2d 1369; 63 ALR3d 465 (1973).